THE STATE, THE WARREN MANUFACTURING COMPANY, PROSECUTORS, v. FREDERICK A. DALRYMPLE, COLLECTOR OF THE TOWNSHIP OF HOLLAND, HUNTERDON COUNTY.

THE STATE, THE WARREN MANUFACTURING COMPANY, PROSECUTORS, v. DAVID C. DONNELLY, COLLECTOR OF THE TOWNSHIP OF POHATCONG, WARREN COUNTY.

1. *Warren Manufacturing Co.* v. *Warford, Collector,* 8 *Vroom* 397, followed.
2. The supplement to the Tax act, passed May 11th, 1886 (*Rev. Sup., p.* 981), re-enacted March 30th, 1892 (*Pamph. L., p.* 378), is special, and therefore unconstitutional.
3. Raw material necessary for the manufacture of paper, paper in process of manufacture and manufactured paper, being "visible personal estate," must, under the act of March 19th, 1891 (*Pamph. L., p.* 189), be assessed for taxes in the township, ward or taxing district where the same is found.

On *certiorari.*

Statement of facts agreed upon between the prosecutor and the respective defendants in above *certioraris :*

*First.* That the valuation made by the assessors of the respective townships—Pohatcong and Holland—is not in dispute.

*Second.* That the real estate of the prosecutors, involved in these proceedings, consisted of two tracts of land, the one known and designated as the Upper or Old Mill property, the other known and designated as the Lower or New Mill property. The said tracts of land adjoin.

The Upper or Old Mill tract contains five hundred and fifty-two and ninety one-hundredths acres, two hundred and thirteen and seventy-five one-hundredths acres of which are situate in the township of Pohatcong (formerly Greenwich), Warren county, and three hundred and thirty-nine and eleven one-hundredths acres are situate in the township of Holland (formerly Alexandria), in the county of Hunterdon.

The Lower or New Mill tract consists of three hundred and fourteen and one-half acres, three hundred and five and one-half acres of which are situate in the township of Holland, in the county of Hunterdon, and nine acres in the township of Pohatcong aforesaid.

The Musconetcong creek is the division line between the said townships and said counties.

*Third.* That all of the personal property of the prosecutors is located in the township of Holland aforesaid, excepting $1,000 worth, which is located in the township of Pohatcong aforesaid, on the Upper or Old Mill property; that the total amount of the personal property of the prosecutors was assessed by each township at $70,000, $40,000 of which was assessed and taxed by each township as located on the Upper or Old Mill property, and $30,000 of which was assessed and taxed by each township as located on the lower or New Mill property.

*Fourth.* That the prosecutors acquired title to all of the Upper or Old Mill property (real estate) prior to January 1st, 1881.

*Fifth.* That the prosecutors acquired title to the Lower or New Mill real estate on the following dates, viz. : As to three hundred and five and one-half acres, situate in the township of Holland, on the 7th day of February, A. D. 1889, and as to the nine acres situate in the said township of Pohatcong, on May 22d, A. D. 1890.

*Sixth.* That the respective township officers of the respective townships—Holland and Pohatcong—assessed and taxed the whole of the Upper or Old Mill real estate to their respective townships.

*Seventh.* That the township officers of Pohatcong township assessed and taxed the whole of the Lower or New Mill real estate to the benefit of said township.

*Eighth.* That the township officers of Holland township assessed and taxed all of the Lower or New Mill real estate situate in said township of Holland to the benefit of said township, but not the nine acres situate in Pohatcong township.

*Ninth.* That the township officers of Holland township and the township officers of Pohatcong township each assessed and taxed all of the personal property of the prosecutors to the benefit of their respective townships.

*Tenth.* That the personal property of prosecutors, at the time of the assessment, consisted of raw material, necessary for the manufacture of paper, paper in process of manufacture and manufactured paper.

*Eleventh.* That the portion of the Upper or Old Mill real estate which is situate in Pohatcong township is one-fifth in value of the whole Old Mill tract; that the portion of the Old Mill real estate which is situate in Holland township is in value four-fifths of the whole of said tract; that the portion of the Lower or New Mill property which is situate in Holland township represents seventy-nine eightieths in value

of the whole of said tract, and the portion thereof that is situate in Pohatcong township represents the one-eightieth of the value thereof.

*Twelfth.* That the prosecutors at the old mill have a superintendent, who superintends the works, and a shipping clerk, who makes out the invoices and shipping-bills and keeps the time of the employes·; the books kept at the old mill are an order-book and a shipping-book and a book to keep a record of incoming and outgoing freight; there is an office in the old mill for the use of the said superintendent and the said shipping clerk, which said office is in the township of Holland, in the county of Hunterdon.

That the prosecutors have an office in Riegelsville, Pohatcong township, in the said county of Warren, about three miles from either mill property; that said office is in a stone building attached to a grist-mill.

That in that office the secretary and treasurer performs his duties for the company, the prosecutors; that the meetings of the board of directors and stockholders are held there and that the general manager of prosecutors has his office and performs his duties there.

. That a statement of the transactions of prosecutors at the said mill are forwarded to and filed at the said Riegelsville office; all records of the company are kept at the said Riegelsville office.

The safe of prosecutors is at the said Riegelsville office, there being no safe at the mill office.

The checks of the company are issued from the Riegelsville office; the money to pay employes is put up in envelopes at the Riegelsville office, sent to the mills and the men there paid; that the bill-heads and stationery of the company are printed "Riegelsville, N. J."

Argued at February Term, 1894, before Justices DIXON and ABBETT.

For the prosecutors, *William S. Gummere.*

For Holland township, *Richard S. Kuhl.*

For Pohatcong township, *Irwin W. Schultz.*

The opinion of the court was delivered by

DIXON, J.     The provision contained in section 6 of the Tax act of April 11th, 1866 (*Rev., p.* 1150), that "when the line between two townships or wards divides a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides," still remains as a feature of our taxing system.     *Pamph. L.* 1891, *p.* 189, § 6.     Consequently, upon the facts stated in these causes, the whole of the Old Mill tract must, according to *Warren Manufacturing Co.* v. *Warford, Collector,* 8 *Vroom* 397, be assessed in Pohatcong (formerly Greenwich) township.

For the same reason the whole of the New Mill tract must also be assessed in the same township, unless the supplement of May 11th, 1886 (*Rev. Sup., p.* 981; re-enacted, *Pamph. L.* 1892, *p.* 378), requires the application of a different rule to that property.     We think this supplement should not be applied for two reasons—*first,* because the New Mill property does not, in the words of that supplement, lie adjacent to the lands upon which the owner resides, the residence of this corporation being in its principal office, at Riegelsville, three miles distant (8 *Vroom* 397); and *second,* because this supplement is special and therefore void under article 4, section 7, paragraph 12, of the constitution, requiring property to be assessed for taxes under general laws only.     The supplement makes the place of the assessment of land depend upon the question whether the owner acquired title since the year 1881. We are unable to perceive how the fact that land has been purchased since 1881 can afford any reasonable basis on which to found a class of lands for purposes of taxation, and therefore, according to the entire train of our decisions, a statute

attempting to classify real estate on such a fact for those purposes cannot be general.

Hence we conclude that all the real property is assessable in Pohatcong only, and the assessment in Holland township must be set aside.

The personal property seems plainly to come within the reach of the first clause of section 6 of the act of March 19th, 1891 (*Pamph. L., p.* 189), which enacts "that the tax on visible personal estate shall be assessed in and for the township, ward or taxing district where such property is found." According to the tenth fact stated at the head of this opinion, all of the personal property assessed was visible, and, according to the third fact there stated, $69,000 worth of it was found in the township of Holland and $1,000 worth in the township of Pohatcong.

The assessments on personal property in these townships must be reduced to these figures.

The prosecutor is entitled to costs in both causes.