JOHN HANCOCK ICE COMPANY v. JOSEPH R. ROSE, COL-
LECTOR OF ANDOVER.

Submitted July 1, 1901—Decided November 11, 1901.

Ice cut on water in Andover township, in Sussex county, by a foreign
corporation, and stored in this state with the intention of selling
it from the office of the corporation in Philadelphia, is subject to
taxation in this state while it remains here.

On *certiorari* in matter of taxation.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Charles M. Woodruff.*

For the defendant, *Levi H. Morris.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case is prosecuted to test
the legality of an assessment for taxes laid upon a large quan-
tity of ice owned by the prosecutor, a foreign corporation.

The ice was cut on water in the township of Andover, in the
county of Sussex, and stored there, from whence it was to be
taken, from time to time, and sold where the ice company
found a market.

The principal office of the corporation is in the city of
Philadelphia, and the ice is taken, from time to time, to Phila-
delphia and sold from the office there. It was cut in January
and February and sold and shipped away in May and June
and other warm months.

The prosecutor claims that the ice was in transit, and that
the imposition of the state taxation is in contravention of
that provision of the federal constitution which gives congress
power to regulate commerce among the several states.

It is, settled that goods while being transported from state to state are not subject to state taxation. *Case of State Freight Tax,* 15 *Wall.* 232; *Erie Railway Co.* v. *State,* 2 *Vroom* 531; *State* v. *Engle, Receiver,* 5 *Id.* 425; *State* v. *Carrigan, Collector,* 10 *Id.* 35; *Metropolitan Life Insurance Co.* v. *Newark,* 33 *Id.* 74.

In all of these cases the property was brought from one state into another, and while temporarily in the latter state the attempt was made to levy the tax upon it there.

The ice assessed in this case was not in transit, and is therefore not within the exemption from state taxation.

It was cut in this state and in storage here, and was not in the course of transportation at the time the imposition was laid upon it.

All goods manufactured in this state with the intention of removing them to another state for the purpose of sale are in the same position. They would be taxable in the hands of residents here, and our own citizens cannot be discriminated against—they are entitled to equal protection with non-residents.

In *Metropolitan Life Insurance Co.* v. *Newark, supra,* the money sought to be taxed was deposited in a bank in this state as a convenient mode of transmitting it to its owner in New York, and was deemed to have no permanency here. The ice was the product of this state and constituted a portion of its wealth. The intention to remove it in the future did not sever it from the mass of manufactured goods and give it immunity from the public burdens which is denied to other domestic productions. It differs in no respect from dairy products or grain gathered from the fields and stored for the purpose of transportation and sale in foreign markets.

The assessment was legally laid, and should be affirmed, with costs. *State* v. *Donnelly, Collector,* 27 *Vroom* 449.