## ROYAL MANUFACTURING COMPANY v. MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY.

Argued June 10, 1907—Decided November 11, 1907.

1. Section 38 of the revised Tax act (*Pamph. L.* 1903, *p.* 418) makes it the duty of the court to amend an assessment for taxes when satisfied that the value of taxable property for which a person is assessed is too great and reduce the same to the proper and just amount.
2. Where the state board of equalization has rendered a judgment with reference to an assessment of taxes, the proper procedure is to remove that judgment by *certiorari* and require the board to certify the facts submitted to it and the grounds of its determination.

On *certiorari*.

Before Justices GARRISON and SWAYZE.

For the prosecutors, *Tennant & Haight.*

For the city, *Francis V. Dobbins.*

The opinion of the court was delivered by

SWAYZE, J.  The writ in this case is directed to the municipality and the receiver of taxes, and brings up an assessment for taxation for 1906.  The return shows merely an assessment upon an original valuation of $15,000, subsequently changed to $49,800.  The depositions show that this change was made by the county board of taxation, and the defendants put in evidence a judgment of the state board of equalization affirming the assessment upon the valuation fixed by the county board.

The question to be determined is one of procedure—whether the proper remedy of the prosecutors was not to bring up the judgment of the state board of equalization.  In considering that question, it is advantageous to examine the prior legislation and decisions.

The Tax act of 1846 (*Gen. Stat., p.* 3289, *pl.* 49) expressly enacted that the decision of the commissioners of appeal, to whose powers the county boards have succeeded, should be final and conclusive, and this court held that their action was subject to revision only, if made upon erroneous principles. *State* v. *Quaife,* 3 *Zab.* 89.  The legislature then passed the act of March 26th, 1852 (*Gen. Stat., p.* 3390), which made it our duty to amend an assessment of taxes removed by *certiorari* if it appeared to the satisfaction of the court that the amount or value of taxable property for which any person was assessed was too great.  Under this act the court reviewed the valuation (*Howell* v. *Metz,* 2 *Vroom* 365; *Howell* v. *Cornell, Id.* 374; *Trumbull* v. *Elizabeth,* 10 *Id.* 249), and would determine disputed questions of fact when the purpose of the investigation was the affirmance or the reversal, in whole or in part, of the tax imposed. *Conover* v. *Davis,* 19 *Id.* 112.

In 1891 (*Gen. Stat., p.* 3344) the legislature created the state board of taxation.  The act was before this court in *Elizabeth* v. *New Jersey Jockey Club,* 34 *Vroom* 515, and it was held that earlier legislation authorizing a review of the facts by the court had been superseded by the act of 1891, which, by its eighth section, made the decision of the state

board of taxation final and conclusive; that all the court could consider was whether there was any error of law in the decision brought up by the writ; that in determining that question the only pertinent facts were those which were before the state board, and upon which its decision was based, and that even those facts would be considered only so far as might be necessary to determine whether there was legal evidence upon which its finding might be supported. This was followed by *Newark* v. *North Jersey Street Railway Co.,* 39 *Id.* 486, in which it was also held that in determining whether legal rules were violated by the state board, it should be required to certify the ground of its determination, not the testimony from which those grounds were to be inferred, and that only in case of its failure to do so should other evidence thereof be received.

These cases did not decide that the act of 1852 had been superseded by the provisions of the act of 1891 creating the state board. The reasoning of the opinions is directed only to the effect of the act of 1891 upon that section of the *Certiorari* act which authorized the court to determine disputed questions of fact in tax matters, and it was probably in consequence of these decisions that the word "tax" was dropped from that section of the *Certiorari* act when it was revised in 1903. *Pamph. L., p.* 346, § 11.

There is nothing to indicate that the court was of the opinion that the act of 1852 had been repealed by the act of 1891, and the legislature in 1903 re-enacted the act of 1852 as section 38 of the revised Tax act. *Pamph. L.* 1903, *p.* 418. By the last-named act the provisions of the old act as to commissioners of appeal have been consolidated in section 27, and the clause making their judgments final and conclusive has been omitted. By the act of 1906 the duties and powers of the commissioners of appeal have been entrusted to county boards of equalization (*Pamph. L.* 1906, *p.* 210), and from their action an appeal may be taken to the state board of equalization created by the act of 1905. *Pamph. L., p.* 123.

The argument in the New Jersey Jockey Club case rested upon the declaration of the then existing statute that the

decisions of the state board should be final and conclusive. That argument lost its force when the act was revised, for those words were retained only in section 36, which deals with the apportionment of taxes as between taxing districts, and were significantly omitted from section 34, which relates to the revision of individual assessments.

In view of the history of the legislation, we think we are required, under the act of 1903, to pursue the same course as was formerly pursued under the act of 1852, now section 38, and, where it appears to our satisfaction that the value of taxable property for which any person is assessed is too great, to amend the assessment and reduce the same to the proper and just amount as required by that section. This conclusion may be rested not only on the section of the Tax act referred to, but, since the act of April 12th, 1907, upon the provisions of the *Certiorari* act, which has now been amended so as to include taxes. *Pamph. L. 1907, p. 95.*

In order, however, to review the proceedings properly we should have before us in a formal way the judgment of the state board of equalization, and not merely the tax duplicate. By the act of 1905 the determination of the board is to be evidenced by a judgment, and whenever any person fails to comply, the board itself may attach such delinquent for contempt. Orderly procedure evidently requires that a judgment which the municipal authorities are bound to obey should be reviewed by a direct proceeding for that purpose, and not by a proceeding directed only to their acts in executing the judgment. Before reviewing the judgment of the state board we should know upon what facts and upon what legal principles it proceeded. The testimony taken under the rule in this case indicates that the property was valued as a completed building on May 20th, when it was then only in process of construction, but the state board has been afforded no opportunity to be heard as to the facts which guided them, and it would be manifestly improper to reverse their judgment or stay its execution on testimony thus taken.

The proper practice is indicated in the New Jersey Jockey Club case and the North Jersey Street Railway Company case

above cited. The state board should have been called upon to certify the facts submitted to it and the grounds of its determination, and then, under the act of 1907, additional evidence such as is here presented should be received.

When we have before us the proceedings of the state board we shall be in a position to determine the fact of excessive valuation.

The present writ must be dismissed, with costs, unless within ten days the judgment and proceedings of the state board be brought up for review.