SUSQUEHANNA COAL COMPANY, PROSECUTOR, v. BOROUGH OF SOUTH AMBOY AND JOSEPH WILSON, JR., COLLECTOR OF TAXES OF THE BOROUGH OF SOUTH AMBOY.

Argued February 19, 1908—Decided June 8, 1908.

1. When a local assessment for taxation has been appealed to and passed upon successively by the county board of taxation and the state board of equalization of taxes, *certiorari* will not lie to the local authorities. The proper procedure is to bring up the judgment of the state board and the proceedings before that board.

2. The facts in this case held to bring it within the ruling of *Lehigh and Wilkes-Barre Coal Co.* v. *Junction*, 46 *Vroom* 922, as to liability to local taxation of coal stored while awaiting orders for further shipment and transportation.

On *certiorari.*

Before Justices REED, PARKER and VOORHEES.

For the plaintiff, *Vredenburgh, Wall & Carey.*

For the defendants, *Frederic M. P. Pearse.*

The opinion of the court was delivered by

PARKER, J. This *certiorari* brings up the assessment of a tax for 1906, imposed by the borough of South Amboy, upon one hundred and fifty thousand tons of coal. Although the return discloses an order of the Middlesex county board of taxation affirming the tax in question on appeal, and a further order of the state board of equalization of taxes affirming the action of the county board, the writ is directed to the municipality and the collector of taxes, and the case presents the same situation in respect to procedure that existed in *Royal Manufacturing Co.* v. *Rahway*, 46 *Vroom* 416, decided by this court at the November term, 1907, and as we consider that the present controversy is within the ruling in that case, it would be proper to follow the action of the court therein and to direct a dismissal, unless within a stated time the proceedings of the state board be brought up for review, in addition to its judgment which now forms part of the return.

The present writ, however, having been issued and returned several months before announcement of the decision in the Royal Manufacturing Company case, we have examined the case at bar on the merits and have reached a result adverse to the prosecutor, so that further return is unnecessary.

The claim was made originally by the prosecutor that no such amount of coal as that assessed was within the limits

of South Amboy at the time the assessment should have been made, May 20th, 1906, but that question was waived on the argument before this court, the sole ground of attack being that the coal was in transit from Pennsylvania to points in New England, and being the subject of interstate commerce, was not subject to taxation locally.

It was sought to distinguish this case from the case of *Lehigh and Wilkes-Barre Coal Co. v. Junction*, 46 *Vroom* 68, affirmed by the Court of Errors and Appeals, at March term, 1908 (*Id.* 922), on the theory that the coal now in question was specifically consigned to or intended for definite purchasers in the New England states and merely stored temporarily because of the failure of the trains to connect with the coal barges in such a way as to enable the carloads to be dumped directly from the cars into the boats.

An examination of the evidence shows that the prosecutors have entirely failed to support this claim. All that they have succeeded in showing is that their eastern agents have certain customers who, as a matter of experience, call for a certain amount of coal per week or month or year, and that in anticipation of orders for the delivery of this coal and for the purpose of being ready to fill orders as soon as received, the coal is put in transit before the orders are actually placed. It was not consigned from the mine to any definite customers in New York or New England. On the contrary it appears to have been consigned by the Susquehanna Coal Company, in Pennsylvania, to the Suquehanna Coal Company, in South Amboy, in anticipation, as we have said, of orders from regular customers, and awaiting such orders indefinitely. Such a state of facts seems to us to bring the case clearly within the scope of the decision in the Borough of Junction case, *supra,* and the tax will accordingly be affirmed, with costs.