WALTER D. CLARK ET AL., EXECUTORS, v. BOARD OF EQUALIZATION OF TAXES OF THE STATE OF NEW JERSEY ET AL.

Argued November 5, 1909—Decided March 4, 1910.

Where the record presented for the reversal of a judgment of the state board of equalization of taxes shows merely the naked judgment of the board, and not the facts upon which it was based, this court will not review the question unless it clearly appear by the record that to reach the judgment some legal principle must have been violated or ignored.

On rule to show cause.

Before Justices REED, BERGEN and MINTURN.

For the rule, *Wendell J. Wright.*

For the defendants, *William M. Seufert.*

The opinion of the court was delivered by

MINTURN, J.   The petition of appeal to the state board of equalization of taxes presented two contentions of the prosecutors; the first of which was that their real estate in the borough of Dumont, in the county of Bergen, was over-assessed, and the second of which was that the real estate of others in the borough was undervalued by the county board of taxation and the local assessors; and the prayer of the petition was that the valuation upon the prosecutors' property might be reduced, and the valuations of the other properties increased to accord with true value.

The state board, after hearing the parties, affirmed the entire assessment, and we are asked upon this rule to review that affirmance, with an agreement between counsel that this rule may be considered as though a writ had been granted for the purposes of this argument.

We have presented to us only an agreed state of facts between the attorneys for the parties which, so far as the record shows, was not before the state board, and cannot, therefore, be said to embody the *status* of the case as presented to that board.

The trend of the decisions of this court, upon *certiorari,* is to deny a review of the judgment of the state board, unless it can be made to appear that in reaching their conclusion some legal principle was violated or ignored. *Colonial Trust Co.* v. *Scheffey (per curiam)* ; *Kenilworth* v. *Board of Equalization of Taxes,* 49 *Vroom* 302.

Or that upon a review of their judgment supplemented by the testimony taken before the board, presenting facts upon which their judgment was grounded, and the legal principles upon which it proceeded, an unjust conclusion has clearly and manifestly been reached. *Royal Manufacturing Co.* v. *Rahway,* 46 *Vroom* 416, 419.

In the last-cited case, this court, speaking by Mr. Justice Swayze, said : "The proper practice is indicated in the New Jersey Jockey Club case (34 *Vroom* 515) and the North Jersey Street Railway case (39 *Id.* 486). The state board should have been called upon to certify the facts submitted to it and the grounds of its determination, and then under the act of 1907 additional evidence such as is here presented should be received."

The agreed state of facts presents us with a history of the case and the views of the parties as to the legal effect of the testimony of the witnesses; while the judgment record of the state board presents us merely with the bare conclusion reached by that board, and not with the reasons upon which their judgment was based, which we are entitled to have submitted to us before attempting a reversal of the judgment of a board entrusted by law with the final adjudication of matters of taxation, and which function presents the only justification for the existence of the board, and the expense incident to its maintenance. *Colonial Trust Co.* v. *Scheffey, ubi supra.*

We are unable therefore to conclude from the record before us that the adjudication of the state board, either upon the facts involved or upon the legal principles upon which the adjudication was based, is erroneous, and the rule to show cause will therefore be discharged.