BANCROFT TRAINING SCHOOL, PROSECUTOR, v. BOROUGH OF HADDONFIELD.

Argued November 8, 1911—Decided December 18, 1911.

1. Under section 3 (4) of the Tax act of 1903 (*p.* 394), the lands and buildings of "schools for feeble-minded persons and children" are exempt from taxation only when conducted as charities and "owned by corporations of this state authorized to carry on such charities." *Quære*, whether corporations organized under the General Corporation act are within the foregoing description?
2. The judgment of the board of equalization of taxes affirming an assessment should be returned by the writ of *certiorari* allowed to review such assessment.

On *certiorari*.

The assessment of the property of the prosecutor for the year 1910 having been sustained by the county board of taxation was taken upon an appeal to the board of equalization of taxes where the following memorandum was filed:

This appeal brings before us for review an assessment of property situated in the borough of Haddonfield, Camden county, owned by the Bancroft Training School. The property in question was assessed by the local assessor for taxes in 1910, and on appeal to the Camden county board of taxation the assessment was sustained. The appeal is based upon the claim that the buildings occupied by the school and five acres of the land whereon the same are situated are exempt from taxation under section 3, paragraph 4 of the General Tax act.

At the hearing there were admitted in evidence on behalf of the appellant certified copies of its certificate of incorporation, and of a judgment rendered by this board in 1907, setting aside an assessment for 1906 on the same property. The school is incorporated under the General Corporation act. It has a capital stock of $100,000, divided into two thousand shares of a par value of $50 each. Its object is stated to be, "to maintain and operate a training school for the mentally deficient." It was admitted by counsel for the appellant that the school is conducted for profit, and that large fees are charged and received by it for the maintenance and training of its pupils. The claim for exemption is rested, not upon the ground that the school is a charitable institution, but solely upon the fact that it is owned by a corporation of New Jersey. In support of this contention counsel cited the case of *Bancroft et al.* v. *Magill,* 40 *Vroom* 589. We are clearly of the opinion that this case fails to furnish the authority for exemption claimed for it by the appellant. A significant change in the law applicable to the situation, or at least in the language of the law, has been made since that decision was rendered. Section 200 of the former General Tax act (*Gen. Stat., p.* 3320) exempted "all colleges, academies or seminaries of learning. public libraries, school-houses, buildings erected and used for religious worship, buildings used as asylums or schools for the care, cure, nurture, maintenance and education of feeble-minded or idiotic persons and children, provided such institutions are duly incorporated under the laws of this state, and the land whereon the same are situate, necessary to

the fair use and enjoyment thereof, not exceeding five acres for each one." The. pertinent provisions of the Tax act of 1903 are found in section 3, paragraph 4, which exempts "all buildings actually and exclusively used for colleges, schools, academies and seminaries not conducted for profit; also all buildings actually and exclusively used for public libraries, religious worship, or for asylums or schools for feeble-minded or idiotic persons and children, and owned by corporations of this state authorized to carry on such charities, and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each, the furniture thereof, and personal property used therein, and the endowment or fund held exclusively for the charitable purposes of the corporation owning such buildings." Another important change in or addition to the same paragraph is found in the concluding provision, namely, that "the exemption described in this paragraph of a building and land used for charitable purposes shall extend to cases where the charity is supported partly by fees and charges received from or on behalf of beneficiaries occupying said building, provided the building is wholly controlled and the entire·income therefrom is used by the charitable corporation for its charitable purposes." This clause shows clearly the legislative purpose to grant immunity to charities which are charitable in fact, although they may be partly supported by fees received from beneficiaries who are able to pay them, and to exclude from the privilege of exemption those enterprises which may be benevolent in spirit but which are conducted for private gain. Thus, if this clause be read in connection with the preceding clause under which exemption is claimed in the case before us, we have the following legislative declaration: All buildings shall be exempt which are actually and exclusively used for public libraries, religious worship, or for asylums or schools for feeble-minded or idiotic persons and children, and owned by corporations of this state authorized to carry on such charities, * * * provided the buildings are wholly controlled and the entire income therefrom is used by the charitable corporation for its charitable purposes.

The objects dealt with in paragraph 4 are educational, religious, charitable and benevolent institutions conducted for the public benefit without private profit. The framers of the act manifestly endeavored to group in this paragraph for exemption all property used in furtherance of those purposes which are purely beneficent, which serve the state by providing free education, caring for the afflicted and assisting the needy, and which are not intended to, and do not, in fact, result in financial gain to those who carry them forward. Schools, colleges and seminaries are exempt, provided they are not conducted for profit. Asylums or schools for the feeble-minded are exempt, provided they are owned by corporations authorized to, and which actually do, carry on such charities. The use of the word "charities" in this connection made it unnecessary to add the words, "not conducted for profit." A charity conducted for profit would be an anomaly both in law and ethics. There is nothing in the language or the spirit of paragraph 4 which indicates a legislative intent to make the function of a school the basis of exemption, while there is a clear design apparent to create a class of institutions for exemption and to embrace within that class only those institutions which meet the test which the paragraph itself prescribes. This the appellant fails to do. It performs a useful and benevolent service, but it performs it not gratuitously; its advantages are restricted to those who can pay the requisite fees, and who are in no sense wards of charity. The fact that it conducts its operations as a corporation does not suffice to bring it within the purview of the exempting provisions of the Tax act. It cannot, in our view, avail itself of the benefit of those provisions so long as it fails to meet the requirements which they impose with respect to charitable purposes. It is a business enterprise conducted on a commercial basis. Its object, to be sure, is to train the "mentally deficient," but there is nothing else in its charter, and there certainly is not anything in its practical operation to indicate a charitable purpose. We are not prepared to hold that a corporation organized under the General Corporation act is not within the contemplation of the exempting provision as to corporations authorized to carry

on charities. That there may be some doubt upon that point is plainly suggested in *Montclair Military Academy* v. *State Board of Assessors*, 36 *Vroom* 516.

The judgment of this board setting aside the assessment on the property in question for the year 1906, was not accompanied by any memorandum giving the reasons for that decision either as to fact or law. We do not feel therefore that that judgment has controlling force in the present case, in view of the admitted facts now before us and our interpretation of the law applicable thereto.

The appeal is therefore dismissed and the assessment confirmed.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Francis D. Weaver.*

For the defendant, *William T. Boyle.*

The opinion of the court was delivered by

GARRISON, J. Upon the merits this assessment should be affirmed for the reasons stated in the memorandum filed by the board of equalization of taxes which correctly construes the Tax act of 1903 and applies it to the facts and also points out the significant changes in the Tax act since the case of *Bancroft* v. *Magill*, 40 *Vroom* 589, was decided.

Upon a matter of procedure, however, the writ will have to be dismissed unless the record is perfected by bringing up the judgment of the board of equalization affirming the assessment upon an appeal to it. *Royal Manufacturing Co.* v. *Rahway*, 46 *Vroom* 416.

Under the practice laid down by this case the writ will be dismissed unless within ten days the judgment of the state board is brought up and made a part of the return; in which case the defendant may at once move for the affirmance of said judgment.