MILLVILLE GAS LIGHT COMPANY, PLAINTIFF IN ERROR, v. CITY OF MILLVILLE, DEFENDANT IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

On error to the Supreme Court, in which the following opinion was filed:

PER CURIAM.

This is a *certiorari* to the judgment of the state board of equalization of taxes in determining the value of the property of the prosecutor, a gas company, for purposes of taxation. The valuation fixed by the municipal assessors was $150,000. There was an appeal to the county board of taxation, which reduced the valuation to $87,000. The city of Millville appealed to the state board of equalization, and after a full hearing that board readjusted the valuation at $106,000. After these two reviews the gas company, being dissatisfied with the result, desires this court to review further the findings of these several state agencies, complaining particularly that the valuation necessarily includes the gas company's franchise which is taxable under the Franchise act of 1900. There is no direct evidence as to this; it is simply an inference claimed to arise from an analysis of the figures.

The practical proposition is that this court is asked to re-weigh and pass upon the effect of evidence taken before a body specially organized for this very purpose, and to set aside its action as not justified by the weight of evidence. There

is nothing to show that the board of equalization has not carefully discharged the duties imposed upon it by law, and its finding should not be disturbed unless it is manifestly erroneous. *Colonial Trust Co.* v. *Scheffey (per curiam)*; *Clark* v. *Board of Equalization of Taxes*, 50 *Vroom* 454; *Kearny* v. *Board of Equalization of Taxes*, 52 *Id.* 106.

The judgment of the state board of equalization will be affirmed.

For the plaintiff in error, *Herbert C. Bartlett.*

For the defendant in error, *Albert R. McAllister.*

PER CURIAM.

We agree in the views expressed in the opinion of the Supreme Court except so far as the opinion intimates that the Supreme Court will not reweigh the evidence. Under the present statutes it is the duty of the Supreme Court in cases of taxation to amend the assessment when satisfied that the value of the taxable property for which the taxpayer is assessed is erroneous. *Royal Manufacturing Co.* v. *Rahway*, 46 *Vroom* 416.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ.   10.

*For reversal*—None.