HERDMAN MOTOR COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF NEWARK, RESPONDENTS.

Argued October 6, 1937—Decided November 4, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Edward E. Barker* (*Andrew B. Crummy*, of counsel).

For the respondents, *James F. X. O'Brien* (*Vincent J. Casale*, of counsel).

The opinion of the court was delivered by

PERSKIE, J.  Where, within the state, is the location of the "chief" office of a corporation for the purpose of levying a personal property tax upon its intangibles pursuant to our

General Tax act (*Pamph. L.* 1918, *ch.* 236, *pp.* 847, *et seq.*), when the registered or principle office only of that corporation is in one taxing district and most of the business of that corporation is done in another taxing district?

The stipulated facts disclose that the prosecutor was incorporated under our General Corporation act on December 26th, 1914; that its registered office is 490 Main street, East Orange, New Jersey. No business, however, is conducted there; no persons are employed there, and the intangible property of the corporation is not taxed there. Prosecutor operates two places of business for the sale of automobiles; one is in Newark, New Jersey, where its corporate books are kept and where most of the business is done, and the other is in Belleville, New Jersey. Prosecutor filed a personal property tax return for the year 1936 with the city of Newark, in which taxable assets, exclusive of intangibles, in the amount of $27,598.32 were shown. It is conceded that this item is subject to taxation by the city of Newark. As a matter of fact, prosecutor's contention before us is that the ultimate assessment as made be reduced to this figure. Its intangible assets totaled $46,595.90. A claim for deduction for liabilities and debts due creditors, amounting to $85,395.56 was filed. This claim was not allowed because it was not in statutory form; neither was it signed nor sworn to. The disallowance of this claim, although assigned as a ground for setting aside the assessment, is not argued. We, therefore, consider it abandoned. *Marlen* v. *Brown,* 81 *N. J. L.* 599; 80 *Atl. Rep.* 476; *Bahrey* v. *Ponialishin,* 95 *N. J. L.* 128; 112 *Atl. Rep.* 481; *Eggert* v. *Mutual Grocery Co.,* 111 *N. J. L.* 502, 503; 168 *Atl. Rep.* 312. Notwithstanding the disallowance for deductions, the taxing district of Newark assessed prosecutor's property, tangible and intangibles, at $50,000. Just how this round figure was determined is not made to appear. Prosecutor, however, expressly states that it "makes no point" on this score. An appeal was taken to the state board of tax appeals which affirmed the assessment as made. This court granted *certiorari.*

It is, of course, well settled that intangibles are taxable at the domicil of the owner. *Blodgett* v. *Silberman,* 277 *U. S.* 1; *Farmers Loan and Trust Co.* v. *Minnesota,* 280 *Id.* 204; *Newark Fire Insurance Co.* v. *State Board of Tax Appeals,* 118 *N. J. L.* 525, 528; 193 *Atl. Rep.* 912. Our General Tax act provides that the personal property of a corporation be taxed the same as that of an individual (*Pamph. L.* 1918, *p.* 856, § 305), and that "corporations of this state shall be regarded as residents and inhabitants of the taxing district *where their chief office is located* \* \* \*." (*Id.*) (Italics supplied.) Thus the prosecutor's domicil for the purpose of taxation is at its "chief" office, and the taxing district wherein that office is located alone has power to levy a personal property tax upon its intangibles. Where, then, is the "chief" office of a corporation for this purpose?

Our Corporation act (1896) as amended and supplemented furnishes little, if any, aid in answer to this question. While that act speaks of "principal" and "registered" offices synonymously (section 43b), it establishes such offices merely as the place where service may be made upon a registered agent (section 126b); where the stock and transfer books of the corporation are to be kept (section 33); and where notices to the corporation may be sent (section 43c); but it does not provide that the "principal" or "registered" office be the "chief" office for the purpose of taxation.

We have no decisions in our state directly on point. With us the problem is one of first impression. None of the cases cited is on point. The case of *State* v. *Haight,* 30 *N. J. L.* 447, is of no avail because in that case Jersey City was the only possible taxing district. There was nothing in the record, as here, to indicate the presence of a "registered" or "principal" office in one taxing district, with most of the business being done through another office in another taxing district. And what has been written concerning the inapplicability of *State* v. *Haight, supra,* applies with equal force and effect to the two cases of *Warren Railroad Co.* v. *Person,* 32 *N. J. L.* 566, and *Warren Manufacturing Co.* v. *Warford,*

37 *Id.* 397. It is, however, interesting to observe that, by way of *dictum,* Mr. Justice Vredenburgh in *Warren Railroad Co.* v. *Person, supra,* held: "The one [office] in Belvidere must, therefore, be deemed to be their *principal office, until another more important one is shown."* (Italics supplied.) And finally the case of *State* v. *Dalrymple,* 56 *Id.* 449; 28 *Atl. Rep.* 671; *affirmed,* 57 *N. J. L.* 708; 34 *Atl. Rep.* 1134, is not applicable to the facts in the case at bar. For in that case, although there were two offices in different localities, the evidence was clear that the "principal" office was the one where practically all the business was conducted; and, moreover, tangible and not intangible property was involved.

Although our Corporation act and our decisions afford no solution to this problem, we are not entirely without precedent. Decisions of our sister states indicate a rather well defined division of opinion on the subject. One view, chiefly represented by New York and Ohio, holds that the place designated in the certificate of incorporation conclusively fixes the domicil of the corporation for the purpose of taxation despite the fact that most of the business may be carried on elsewhere. The other and the majority view is that the principal office, as named in the incorporation papers is not, for the purpose of taxation, conclusively the domicil of the corporation. See 2 *Cooley Tax.* (*4th ed.*) § 486. And so it has been held that a corporation resides in that taxing district "where the vital acts of its existence are daily done and transacted." *Inter-Southern Life Insurance Co.* v. *Louisville,* 149 *Ky.* 516; 149 *S. W. Rep.* 875 (1912). See *L. R. A.* 1917A, 469.

Thus because we are without precedent in our own state, and because the courts of our sister states are divided on the subject, we are free to adopt that view, which, to us, appears to be the sounder and better one. We are of the opinion that the location of the "chief" office of a corporation for the purpose of a personal property tax upon its intangibles is largely a question of fact. Accordingly, we hold

that the designation of a "principal" or "registered" office in a certificate of incorporation is not *conclusive* as to the "chief" office of a corporation for the purpose of taxation. See 2 *Cook, Corporations,* § 572a. Bearing in mind that the ordinary meaning of the word "chief," to wit.—"head, leading, paramount, of foremost importance" (See Webster's New International Dictionary, second edition, 1937), we must necessarily examine the factual situation presented in each particular case in order to determine the location of the "chief" office of a corporation. Only by so doing do we lend force and effect to our holding that "taxation is an intense reality." *Universal Insurance Co.* v. *State Board of Tax Appeals,* 118 *N. J. L.* 538, 541; 193 *Atl. Rep.* 915; see *Farmers Loan and Trust Co.* v. *Minnesota, supra.* It becomes immediately apparent, therefore, that because of the varying factual situations arising in each particular case it is impractical, if not impossible, to formulate or promulgate any one and all inclusive rule applicable to, and dispositive of, all cases. The decision in each case must depend upon its own particular facts. Not by way of limitation, but rather by way of illustration only, the "chief" office of a corporation for the purpose of levying a personal property tax upon its intangibles may depend in part or in whole upon where most of the business is done; or upon where its executive activities are carried on; or upon where control of its operations is exercised; or upon where orders are given and regulations prescribed; or, as already observed, upon "where the vital acts of its existence are daily done and transacted." *Inter-Southern Life Insurance Co.* v. *Louisville, supra.* We desire, however, to make clear that we are not to be understood as intimating, much less holding, that the "chief" office of a corporation may not, in a given case, depend upon where the registered or principal office of a corporation is located. It is a matter of proof; and the facts and circumstances of each case must control.

Our careful examination of the proofs and the proper deducible inferences to be drawn therefrom, impels the conclusion

and, in so concluding, we find as a fact, that prosecutor's "chief" office was in the taxing district of the city of Newark, where, under the facts and circumstances of this particular case, most of its business is done. Its intangibles, therefore, should have been, as they were in fact, taxed in that district.

Accordingly, the judgment of the state board of tax appeals is affirmed; the writ of *certiorari* is dismissed, with costs.