STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, *v.* NEW JERSEY INVEST-MENT COMPANY, RESPONDENT.

Decided March 19, 1940.

For the petitioner, *James F. X. O'Brien* (by *Raymond Schroeder*).

For the respondent, *Lum, Tamblyn & Fairlie* (by *Ernest C. Lum*).

QUINN, President. The petitioner taxing district levied assessments for personal property taxes against the respondent corporation in the sum of $1,000,000 for each of the years 1937 and 1938. The Essex County Board of Taxation, on appeal, canceled both assessments. The sole issue raised upon this appeal is as to whether or not the chief office of the taxpayer, a New Jersey corporation, was or was not in the city of Newark for each of the years in question, the corporation being subject to taxation upon its intangible personalty in the taxing district where such office was located, under *Pamph. L.* 1918, *ch.* 236, § 305 (*R. S.* 54:4-18).

The testimony taken at the hearing discloses the following: In September, 1936, the respondent company removed its statutory office to the town of Harrison from Park Place, Newark, where it had been located for some time theretofore, the Newark office being also the chief office of the Firemen's Insurance Company, owner of all of its capital stock. At the same time there were removed to the Harrison office all of the respondent's records, papers, ledger, stock book, minute books,

and check book, and all of its securities have been deposited in a bank vault in Harrison. All of these papers, books and securities have been maintained in said taxing district since, and the respondent has been there assessed for personal property taxes for the years here in question, which it has paid.

The respondent is purely a holding company for its parent corporation, the Firemen's Insurance Company, aforementioned, and its operations consist almost exclusively of the keeping of records of securities and the payment of dividends thereon. The detailed bookkeeping in connection therewith is done at the Harrison office by employes of the Firemen's Insurance Company, who attend at Harrison about three times per week for that purpose. Supervision of the accounts is by Mr. W. J. Schmidt, comptroller of Firemen's, and secretary of the respondent, operating from Firemen's office in Newark.

There is one part time employe of respondent always in attendance at the Harrison office and the regular board meetings of the company, approximately once a month, take place there. Checks of the company are drawn and signed at the Harrison office. There is no direct evidence before us as to the existence, in a formal sense, of any office for the respondent's business in the petitioner taxing district upon the assessing dates for either of the years in question. There is only the circumstance that its chief executive officers, who were likewise officers of the Firemen's Insurance Company, had their regular personal offices in the Newark headquarters of the parent corporation.

Under the circumstances outlined, we must apply the designation of "chief office" to the Harrison office, that being the only existing office for the handling of the peculiar business of the respondent, as a holding company. The "chief office," for tax purposes, is the office of "paramount importance," or the "leading" office, where a domestic corporation has more than one office in the state. *Herdman Motor Co.* v. *State Board* (*Supreme Court,* 1937), 119 *N. J. L.* 164; 194 *Atl. Rep.* 870. The determination is one of fact in each case. As a holding company, respondent's chief functions were the keeping of the securities owned by it, and the main-

taining of proper records thereof. These functions were undoubtedly chiefly performed in Harrison, if, indeed, they can be said to have been performed elsewhere, under the evidence, to any extent at all.

Counsel for the petitioner devoted considerable attention at the hearing to the motivation for the removal of respondent's office from Newark to Harrison in 1936. While the evidence before us does no more than give rise to surmise, short of proof, of a purpose in respondent to avoid taxation by the petitioner taxing district, we may observe that even were such purpose fully established, it could not be regarded as material to the issues before us. The exercise by respondent of its legal right to establish and maintain its chief office (under the evidence, its only office) wheresoever it chose, where complete and without reservation, and in good faith, although for the purpose of avoiding taxation in another taxing district, must be accorded full force and effect. See *Hoboken* v. *State Board of Taxes and Assessment (Supreme Court, 1930)*, 107 *N. J. L.* 35; 151 *Atl. Rep.* 364; *affirmed (Court of Errors and Appeals, 1931)*, 108 *N. J. L.* 195; 156 *Atl. Rep.* 377; *Hoboken* v. *The Hoboken Dock Co. (State Board)*, filed September 12th, 1939.

The judgments of the Essex County Board for each of the years 1937 and 1938 are affirmed.