THE CITY OF NEWARK, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND SUN OIL COMPANY, RESPONDENTS.

Argued October 8, 1941—Decided January 19, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Raymond Schroeder* (*Joseph A. Ward,* of counsel).

For the respondents, *McCarter, English & Egner* (*George W. C. McCarter,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.    The single issue in this case is whether in affirming the Essex County Board of Taxation, the State Board of Tax Appeals correctly decided that the chief office of the respondent company for tax purposes was not in the City of Newark.

On November 28th, 1939, the City of Newark caused to be filed with the Essex County Board of Taxation a "complaint and petition" praying for the addition to the tax rolls of the city for the year of 1938 of $31,101,675.69 of intangible personalty allegedly owned by respondent and "wholly omitted from the tax return" filed.   The "complaint and petition" had for its basic premise the averment that respondent's "chief office" on October 1st, 1937, the assessing date, was located "at 436-454 Doremus Avenue, in the Taxing District

of Newark, Essex County." The County Board dismissed the petition upon the ground that respondent's chief office was not in Newark. After hearing, upon proper proofs submitted to it the State Board affirmed. *City of Newark* v. *Sun Oil Co.*, 19 *N. J. Mis. R.* 370; 19 *Atl. Rep.* (*2d*) 684. Prosecutor was allowed a writ of *certiorari.*

This court has relatively recently stated the principles involved. See *Herdman Motor Co.* v. *State Board of Tax Appeals*, 119 *N. J. L.* 164; 194 *Atl. Rep.* 870. We have pointed out that, generally speaking, intangibles are taxable at the domicil of the owner, and that the "domicil" of a corporation for this purpose is where its "chief office" is located. *Id.* (at *p.* 168). The question of where the "chief office" of a corporation is located for tax purposes was held to be a question of fact. *Id.* (at *p.* 169). In order, therefore, to resolve the issue first stated as being before us on the return of the writ, we turn to the proofs.

Respondent is a corporation organized under the laws of this state with its "principal office" or "registered office" at 15 Exchange Place, in Jersey City. *N. J. S. A.* 14:4-1, *et seq.* It is engaged in the production, transportation, refining, and marketing of petroleum oils, and, as of the assessment date, did business in over thirty-six states in the Union. The executive officers of the company, a president, his assistant, four vice-presidents, and a secretary and treasurer, all have their offices at 1608 Walnut Street, in the City of Philadelphia, Commonwealth of Pennsylvania. Directors' meetings are held in Philadelphia and the records of the company, except for those required to be kept in this state and except for memorandum records of inventories and equipment, are kept in Philadelphia. The company maintains no refineries or oil wells in this state and its business here consists merely of the distribution of its petroleum products.

The company has six regional offices, one each in Boston, New York, Philadelphia, Pittsburgh, Detroit and Jacksonville. There are three district offices in this state, one in Newark, which is under the New York regional office, and one each in Trenton and Atlantic City, the latter two district offices being subject to the Philadelphia regional office. The

Newark office serves most of the northern counties in the state, and the other two district offices serve most of the remainder of New Jersey. The company maintains ordinary and terminal storage tanks in Newark which office is under the supervision of a district manager who in turn is responsible to the regional manager, in New York. The manager in Newark gets prices from the vice-president in charge of sales in Philadelphia, keeps track of inventories, supervises truck drivers and office clerks, and sees to it that collections are made upon delivery of the company's products. The salaries and terms of employment of the personnel in Newark are entirely under the control and supervision of the Philadelphia office, and the district manager in Newark has no jurisdiction whatsoever in these regards. Wages and salaries are paid from Philadelphia although the company does make deposits in a Newark bank. These deposits, however, are subject to checks drawn only in Philadelphia, and no one in Newark has any right to draw on these funds. The respondent company paid a tax on its tangible personalty located in Newark. It was assessed for its intangibles by Jersey City for the years 1937 and 1938 and paid the tax therefor for the year of 1937. It did not pay the tax for the year of 1938 because the right thereto was in controversy at the time of the hearing before the State Board, as the result of like right thereto, claimed, as here, by the City of Newark.

Bearing in mind that the sole issue we are called upon to and do decide is whether the State Board of Tax Appeals correctly decided that the chief office of the respondent company for tax purposes was not in the City of Newark, our careful study of the record submitted impels the conclusion that the proofs fail to show, that most of the business of respondent was done in Newark. As a matter of fact, there are no figures submitted as to the volume of respondent's business either in Newark, or Trenton or Atlantic City. These proofs further compel the conclusions: that respondent's executive activities are not carried on in Newark; that control of respondent's operations is not exercised in Newark; that neither important orders nor regulations are prescribed in Newark; and that the "vital acts" of respondent's exist-

ence are not daily done and transacted in Newark. *Cf. Herdman Motor Co.* v. *State Board of Tax Appeals, supra* (at *p.* 168). In short, we do not think that there is proof of the existence of a "chief office" of the respondent company in Newark for tax purposes. We so hold.

This holding renders unnecessary any discussion of other points argued.

The writ is discharged, with costs.