MARTIN GILLVON AND ALICE, HIS WIFE, v. JOHN REILLY ET AL., EXECUTORS OF PATRICK REILLY, DECEASED.

Where the owner of a building divides it into several tenements, which he lets to various tenants, but retaining to himself control of the halls and stairways for the common use of the occupants and those having lawful occasion to be there, he is bound to see that reasonable care and skill are exercised to render the halls and stairways reasonably fit for the uses which he thus invites others to make of them, and he is responsible for any injury which others, lawfully using them with due care, sustain through his failure to discharge this duty. But he is not answerable for defects which do not render the halls or stairways reasonably unfit for use, or which reasonable care and skill would not prevent.

---

In tort. On rule to show cause why a new trial should not be granted.

Gillvon v. Reilly.

Argued at June Term, 1887, before BEASLEY, CHIEF JUS-TICE, and Justices SCUDDER, DIXON and REED.

For the rule, *James B. Vredenburgh.*

*Contra, Charles C. Black.*

The opinion of the court was delivered by

DIXON, J.   The defendant's testator was the owner of a four-story building in Jersey City, divided into eight tene-ments, which he let to as many families, all of whom had right of passage to and from their respective tenements by means of the common halls and stairways.   The plaintiffs were tenants of four rooms on the second floor.   The evi-dence shows that the plaintiff Alice, while going down the flight of stairs leading from her apartments to the street, caught the heel of her boot in the oil cloth on the stairs and fell, sustaining the injury for which this suit is brought.   The trial justice charged the jury that "the point was whether there was a tear or wear or defect in the oil cloth, and whether that threw her down; if they were satisfied of defect there, then they should render their verdict for damages.   There was liability on the part of the landlord, if there was defect in that particular."

The jury found for the plaintiffs, and we are now asked to grant a new trial.

The testimony does not disclose any contract by the land-lord for the repair of the demised premises, and consequently he is not to be deemed responsible for their condition.   *Mul-len* v. *Rainear*, 16 *Vroom* 520.   But we think that under the evidence the halls and stairways should not be regarded as part of the demised premises within the scope of this rule. It appears to have been the understanding that the landlord should retain control of these portions of the building, light-ing the halls and covering the floors at his pleasure, and affording to the tenants and those having lawful occasion to visit their apartments the right of passage to and fro.   With

respect, therefore, to the halls and stairways, the landlord was under the responsibility of a general owner of real estate who holds out invitations or inducements to other persons to use his property. *Looney* v. *McLean, 129 Mass. 33.*

The obligation resting upon such an owner is that reasonable care and skill have been exercised to render the premises reasonably fit for the uses which he has invited others to make of them. *Vanderbeck* v. *Hendry,* 5 *Vroom* 467, 471; *Francis* v. *Cockrell, L. R.,* 5 *Q. B.* 184, 501; *Readman* v. *Conway,* 126 *Mass.* 374; *Looney* v. *McLean, ubi supra;* *Watkins* v. *Goodall,* 138 *Mass.* 533; *Camp* v. *Wood,* 76 *N. Y.* 92; *Edwards* v. *N. Y. & N. H. R. R. Co.,* 98 *N. Y.* 245.

It is plain that the directions given to the jury at the trial carried the responsibility of the landlord beyond what the law will warrant. The sole conditions of his liability were declared to be a defect in the oil cloth and the plaintiff's being thrown down by reason of it. Although the testimony was conflicting as to the existence of any noticeable defect, the attention of the jury was not called to, but was diverted from the important inquiries whether the defect was of such a nature as to render the stairs not reasonably fit for the purpose of passage, and whether the landlord had failed to exercise reasonable care in the matter. The case also presents the question whether the plaintiff was in the exercise of due care, for she testifies that she knew of the defect before the accident, yet this subject also was ignored in the charge.

A new trial should be granted.