JOHN SIGGINS, DEFENDANT IN ERROR, v. JULIA THAYER McGILL ET AL., PLAINTIFFS IN ERROR.

Argued March 17th, 1905—Decided November 20th, 1905.

Where a landlord lets out portions of a building to several tenants, retaining in his own possession or control the passageways and stairways for the common use of the tenants and those having occasion to visit them, he is under the responsibility of a general owner of land who holds out an invitation to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for such use.

---

On error to the Supreme Court.

For the plaintiffs in error, *Bedle, Edwards & Thompson.*

For the defendant in error, *Joseph Anderson.*

The opinion of the court was delivered by

PITNEY, J. Plaintiff was a tenant of the defendants, occupying an apartment in a building owned by them in Jersey City. There were several apartments in the building, and these were separately rented out by defendants to different

families. The halls and stairways of the building were used in common by the several tenants. While descending one of these stairways the plaintiff stumbled and fell, sustaining personal injuries. This action was brought to recover compensation therefor from the landlords, upon the ground that the plaintiff's fall was due to the bad condition of the stair covering.

The verdict and consequent judgment were in favor of the plaintiff. There were motions for nonsuit and for direction of a verdict in favor of defendant, both of which were denied. They were based in part upon the ground that plaintiff knew, or ought to have known, the condition of the stair covering, and either had assumed the risk or by his own negligence had contributed to his injury. These grounds were untenable, there being at least disputable questions of fact for the jury's determination with respect to the plaintiff's knowledge of the condition of the stairs and with respect to his care while using them.

The motions were based, also, upon the ground that there was no liability on the part of the landlords for the condition of the staircase. The learned trial justice, having refused the motions, submitted the case to the jury with this instruction—that since the building was occupied by several families, who had the use of the halls and stairways in common, there rested upon the defendants the duty of using reasonable care to keep the halls and stairways in proper condition for the common use of the tenants. To this instruction, as well as to the denial of the motions, exception was duly sealed.

In this state it is established as a general rule that the landlord is not liable for injuries sustained by a tenant or his family, or guests, by reason of the ruinous condition of the premises demised, there being upon the letting of a house or lands no implied contract or condition that the premises are or shall be fit and suitable for the use of the tenants. So it was held by the Supreme Court, in *Naumberg* v. *Young*, 15 *Vroom* 331, 344; *Mullen* v. *Ranier*, 16 *Id.* 520, 523; *Clyne* v. *Helms*, 32 *Id.* 358, and *Land* v. *Fitzgerald*, 39 *Id.* 28; and, by this court, in *Murray* v. *Albertson*, 21 *Id.* 167.

But it is recognized that this rule does not apply to those portions of his property (such as passageways, stairways and the like) that are not demised to the tenant, but are retained in the possession or control of the landlord for the common use of the tenants and those having lawful occasion to visit them, the ways being used as appurtenant to the premises demised. With respect to such ways it has been held by our Supreme Court that the landlord is under the responsibility of a general owner of real estate who holds out an invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for the uses which he has invited others to make of them. *Gillvon* v. *Reilly,* 21 *Vroom* 26; *Gleason* v. *Boehm,* 29 *Id.* 475. This doctrine, we think, is indubitably sound. It is in nowise opposed to the rule which exempts the landlord from liability for the condition of premises that are demised, but is plainly distinguishable therefrom. In the case of a demise, the entry and occupancy are pursuant to an estate vested in the tenant and are exclusive of the landlord, while in the case of passageways and stairways that are retained in the legal possession of the landlord and are simply used by the tenants as appurtenances to the property demised to them, their ingress and egress are by virtue either of invitation or of necessity. This is the ground of the distinction as pointed out in *Looney* v. *McLean,* 129 *Mass.* 33, cited with approval in *Gillvon* v. *Reilly,* 21 *Vroom* 28. In *Phillips* v. *Library Company,* 26 *Id.* 307, which was a case of one of several tenants of a building injured while using a path to the rear that was arranged for the common use of the tenants, this court affirmed the responsibility of the landlord for the condition of the path.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 10.

*For reversal*—None.