LOTTIE PERRY, PLAINTIFF-RESPONDENT, v. NATHAN T.
LEVY, DEFENDANT-APPELLANT.

Argued March 8, 1915—Decided June 14, 1915.

1. The roof of an apartment-house, which is divided into separate
   apartments, stands upon the same basis as the passageways, stair-
   cases and the like, so far as the landlord's liability for negligence
   extends.
2. Evidence of changes and repairs made subsequent to the injury
   in an accident case is not admissible to show a prior wrong, but
   such evidence may become admissible for another purpose, and
   when so admissible the trial judge should be requested to limit
   its application, by the jury, to the purpose for which it was
   competent.

On appeal from the Essex Circuit Court.

For the respondent, *William Greenfield.*

For the appellant, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

BLACK, J.   This case presents the question whether a land-
lord of an apartment-house, which is divided into six apart-
ments and a store, is liable for injury to a tenant occupying
the top apartment, from the falling of the ceiling, caused by
it having become moist, from water coming from the roof,
at the times of rain or storms.   Both the tenant and the

agent of the landlord observed and knew of this condition of the ceiling and that the roof was out of order. The tenant asked to have the ceiling and roof repaired, otherwise she would move out. The agent of the landlord requested the tenant to stay and not to move and promised that the roof and ceiling would be fixed. This court, in the case of *Siggins* v. *McGill,* 72 N. J. L. 263, after stating the well-recognized rule that the landlord is not liable for injuries sustained by a tenant or his family, or guests, by reason of the ruinous condition of the premises demised, said: "But it is recognized that this rule does not apply to those portions of his property (such as passageways, stairways, and the like) that are not demised to the tenant, but are retained in the possession or control of the landlord for the common use of the tenants and those having lawful occasion to visit them."

The trial court in the charge to the jury applied the principle of that case to the facts of the case under discussion, where the defective roof was the cause of the injury, charging the jury that it made no difference in its application to this case between passageways and stairways retained for the use of the tenants, and a roof which is used to cover all the tenants in the house; that a defective roof of a building containing several apartments is governed by the same rule of law as applies to passageways, stairways, and the like. The tenant had no control over the roof; the landlord is the only one who had such control, and it is his duty to exercise reasonable care to keep the roof in such repair that its condition will not be a source of injury to the tenants underneath.

An exception was noted to this part of the charge and it is urged before this court as error.

We think it is not. The trial court properly applied the principle laid down by this court in the case of *Siggins* v. *McGill, supra,* to the case under discussion. The Supreme Judicial Court of Massachusetts, in the case of *Gilland* v. *Maynes,* 216 *Mass.* 581; 104 *N. E. Rep.* 555, held that the landlord having retained control of the outside of a building, including the roof and gutters, upon him rested the responsibility,

as to repairs, where he had let different parts of the building to different tenants.

The appellant also assigns as error, the fact that the plaintiff was permitted to testify, over the objection of the defendant, that the son of the defendant, after the accident, painted the roof, and another witness was permitted to testify that Mr. Levy, the landlord, after the accident sent a mason to fix it, *i. e.*, to fix the patch which fell down, and that a man came to fix it.

It is quite true that the great weight of authority, in the courts of the United States and England, is that evidence of changes and repairs made subsequently to the injury, or as to precautions taken subsequently, to prevent recurrence of injury, is not admissible as showing negligence or as amounting to an admission of negligence. The reason for the rule is declared to be that the effect of declaring such evidence competent would be to inform a defendant that if he makes changes or repairs, he does it under a penalty, for, if the evidence is competent, it operates as a confession that he was guilty of a prior wrong. The cases, which are numerous, will be found collected in 29 *Cyc.* 616. But the evidence was competent for another purpose, that is to show the possession of the landlord, and also to show there was a leak in the roof, as charged by the plaintiff. It bears on the landlord's liability, not his negligence. The trial judge should have been requested by the defendant to charge a cautionary instruction, limiting its consideration by the jury to such a purpose. Evidence, legal for one purpose, cannot be excluded because the jury may erroneously use it for another purpose. The court, on request, will always guard against such an error, or, if not, a party aggrieved may take his exception. *Trenton Passenger Railway Co.* v. *Cooper*, 60 *N. J. L.* 219 ; *Hill* v. *Maxwell*, 77 *Id.* 766. We think it was not error to admit this evidence under the situation as presented in this case. There is no legal merit in the other points assigned by the appellant for reversal. They need no further discussion.

The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 15.

*For reversal*—None.