MARY BAHREY, RESPONDENT, v. PETER PONIATISHIN, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. In a suit for slander the plaintiff is entitled to prove the reputation of the defendant for wealth and standing for the purpose of aiding the jury in assessing compensatory damages. If punitive damages are sought, the evidence in this aspect may be directed to the actual wealth of the defendant.
2. A party is estopped to challenge on appeal erroneous action of a trial court which was taken because of his own inducement or request.

---

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"This is a slander suit. The trial resulted in a verdict for the plaintiff. The defendant appeals and files eighteen grounds of appeal. The first, fourth, fifth and fifteenth are argued together and refer to evidence admitted showing the reputation for wealth of the defendant. This, we think, is not error. The point is settled by the case of *Flaacke* v. *Stratford*, 72 *N. J. L.* 487; *Jones Evid.*, ¶ 159-160.

"The second, erroneously permitting hearsay testimony. This testimony was stricken out by the court, when the court ascertained that it was hearsay testimony. (Record, page 38, line 30.) Third and seventh, erroneously permitting witnesses, Daniel Kuchasky and Katie Doroschenko, to say that they had heard reports circulated concerning the statements made by the defendant regarding the plaintiff, that they had heard them on the street and in the houses, they spoke about it. This is admissible on the question of damages showing the extent of the circulation of the slander for which the defendant is responsible. *Kidder* v. *Bacon*, 74 *Vt.* 263; 25 *Cyc.* 505, 506.

"Eighth and ninth, permitting a witness, Mary Machnitzka, to testify on August 28th, 1918, what the defendant said to her regarding the plaintiff, on the occasion that the witness went to the confession and a refusal to strike out this testimony. It is argued that this was professional and confidential advice. We have not been directed to any statute or decision in New Jersey that excludes this evidence, nor has our own researches revealed any such statute or decision. It is admissible at common law. This was not error.

"Tenth, permitting the defendant to answer leading questions, viz., that she had heard the statements made by the defendant. These questions and their form were within the discretion of the trial court.

"Eleventh is not argued and therefore considered as abandoned. *Marten* v. *Brown*, 81 *N. J. L.* 599.

"Twelfth, error in the refusal to nonsuit the plaintiff. This requires no discussion. The refusal by the trial court

to nonsuit the plaintiff was not error. There was a question of fact for the jury. *Freisinger* v. *Moore*, 65 *N. J. L.* 286.

"Thirteenth and fourteenth are not argued and therefore considered as abandoned. *Marten* v. *Brown, supra.*

"Sixteenth, the verdict is excessive. We cannot consider this ground on appeal. *Smith* v. *Brunswick Laundry Co.*, 93 *N. J. L.* 436.

"Seventeenth, error in permitting a witness, Sviatoslav Bukak, to answer the following question on rebuttal:

" 'Is it a fact that on that day, Rev. Poniatishin mentioned by name Mrs. Dolia, Greely or Surol Bryk, Sosinsko and Wilko and called them devils. And that they were already in hell up to the middle and that he would put them out of the church with the cross? *A.* Yes, sir.'

"Eighteenth, error in permitting a witness, Alexder Gural, to answer the following question on rebuttal:

" 'Is it not a fact that Rev. Poniatshin that day called you and four others a devil? *A.* Yes, sir. *Q.* And that you were already in hell half way? *Q.* And that he threatened to assault you with the cross?'

"The objection made to these questions was that it was not proper rebuttal. The record shows that the last two questions owing to the objection interposed by the defendant's counsel were abandoned and not answered. (Record, page 197, line 20.)

"The incidents involved in the first three questions were first brought in evidence by the defendant's attorney on cross-examination of the plaintiff's witness, Thomas Bryk, referring to the incident of July 21st, 1918, in the church. (Record, page 99, line 30 *et seq.*) This cross-examination was continued on these lines at page 101, line 10 *et seq.*, where the names in the above question were first mentioned on cross-examination by the defendant's counsel.

"This was objected to by the plaintiff's counsel as immaterial and overruled by the court. The defendant cannot now object or protest at the fact, that irrelevant matter had crept

into the case when he first introduced it; furthermore, the trial court admonished the jury, that these things had absolutely no relation to the issues in the case and should not be considered by the jury. This, we think, was not reversible error.

"Finding no error in the record, the judgment of the Essex Circuit Court is affirmed, with costs."

For the respondent. *John V. Laddey.*

For the appellant, *William J. Kearns* and *Robert H. McCarter.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* in the Supreme Court.

Upon the petition for rehearing filed by the appellant, the court rendered the following opinion:

The opinion of the court was delivered by

PARKER, J.    In affirming the judgment below, the *per curiam* filed in the Supreme Court was deemed adequate and was adopted as the basis of decision here. The appellant, defendant below, now asks for a rehearing upon the sole ground that in affirming the judgment this court necessarily gives its assent to a rule of law directly contrary to that enunciated in the opinion of Mr. Justice Trenchard, delivered in the case of *Weiss* v. *Weiss, ante p.* 125, at the same term, in which case we held that evidence of the reputed wealth of the defendant is competent in a slander suit on the question of actual damages, and that evidence of his actual wealth is similarly competent on that of punitive damages. The propriety of the rule laid down in the Weiss case is not now questioned, nor is the admission of the evidence on this phase of the case challenged on this petition. The precise point

urged is that the Supreme Court failed to reverse because of the charge of the trial court brought up by the fifteenth ground of appeal, to the effect that evidence of the reputation of the defendant for wealth might be considered by the jury in assessing punitive damages, and that this is in the face of the rule in Weiss v. Weiss.

It is true that the trial judge did charge to this effect; but it is also true that he did not do this until after he had charged the correct rule and was induced by the appellant's own exception to withdraw what he said and charge incorrectly. The original instruction was as follows:

"Where there is actual malice, you have a right to consider what would be a punishment to him. What would be punishment to a person of small means might be no punishment at all to a person of large means, and that is the reason why evidence of the wealth of Father Poniatishin was permitted. If he is a man of large means, which he denies—he says he is not, and he tells you of what his means consist, what his income consists of—you have a right to consider the testimony concerning that, if you come to the consideration of exemplary damages."

This seems to be precisely in accord with the rule stated in Weiss v. Weiss and is all that the court said on that phase of the case. But the defendant excepted to this as follows:

"Mr. Kearns—I desire to except to so much of your honor's charge where your honor said that the evidence of wealth of Father Poniatishin was permitted so as to assist the jury to assess damages. I conclude that what your honor permitted was evidence as to reputation of his wealth.

"Exception is noted as ground of appeal."

The court then recalled the jury and gave the instruction now complained of. We quote from the printed book:

"The Court—I have recalled you, gentlemen, to correct a slight mistake in the charge. I said that evidence of Father Poniatishin's wealth had been permitted in order to aid you in assessing punitive damages, if you come to the assessment

of punitive damages. I should have said evidence of the reputation of his wealth. Of course, nobody testified as to his exact wealth. There were one or two witnesses who testified to his income. But this evidence of his reputation and that he has that wealth which is imputed is denied.

"Mr. Kearns—that is what I wished to except to.

"Exception allowed."

From the foregoing it seems quite obvious that the court was misled by the defendant's exception into committing the very error now complained of. The dominant idea in the original exception was that the court had charged on a subject of actual wealth as a basis for assessing punitive damages instead of reputed wealth. Elementary justice in reviewing the action of a trial court requires that that court should not be reversed for an error committed at the instance of a party alleging it. *Turrell* v. *Elizabeth,* 43 *N. J. L.* 272; *Austrian* v. *Laubheim,* 78 *Id.* 178, and *affirmed,* 80 *Id.* 459; *Prout* v. *Prout,* 82 *Id.* 537-538; *Kosher Dairy Company* v. *N. Y., S. & W. R. R. Co.,* 86 *Id.* 161; *Williams* v. *Lowe,* 79 *N. J. Eq.* 173; 4 *C. J.* 700 *et seq.* The original charge being correct, the appellant is estopped to complain of an erroneous modification induced by his own exception. The application for rehearing will be denied.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.

*For reversal*—None.