KATHERINE HAHNER, RESPONDENT, v. MARGARETTA BENDER, APPELLANT.

Argued October 29, 1924—Decided January 19, 1925.

1. The owner of a building who rents out parts thereof to various tenants, reserving the halls and stairways for the common use of the tenants, is under an implied duty to use reasonable care to keep such places in a reasonably safe condition, and is liable for injuries to tenants and their guests for failure to perform that duty.

2. Where a landlord is under a duty of keeping a stairway of a building in repair, evidence tending to show that the plaintiff, a guest of a tenant, was thrown and injured by tripping over a defective metal step binder which had been broken and left in a dangerous condition upon the step for a period of·at least two weeks after the janitor, the agent in charge of the building for the defendant landlord, had knowledge of such defective and dangerous condition, justifies a finding that the defendant failed to perform her duty to use reasonable care to keep such stairway in a reasonably safe condition by neglecting to repair the defect within a reasonable time after knowledge thereof.

3. A landlord, having the duty of keeping the stairway of a premises in repair, and who has placed a janitor in charge of such premises, cannot escape liability for neglect of that duty by showing that she had not personally visited the premises by reason of her invalidism, and had no actual knowledge of the dangerous defect, since, if the janitor was negligent in making such repairs as were reasonably required by the defective condition, of which such janitor had knowledge, the knowledge of the janitor is imputed to the landlord, and the negligence of the former is the negligence of the latter.

4. A landlord having the duty of keeping the stairway of a premises in repair, cannot escape liability by showing that she left the premises without a caretaker, and made no provision for repairs, where the evidence tends to show that the defective and dangerous condition causing the injury had existed for such a space of time before the accident as would have afforded a sufficient opportunity to make proper inspection of the stairway, and to repair its defects.

5. Where an elderly woman is injured by reason of a defect in the tread of a stairway which she was descending, the question whether or not she was guilty of contributory negligence in not holding on to the banister rail, is for the jury, and not for the court.

On appeal from the Supreme Court.

For the appellant, *Marshall Van Winkle* and *Frank G. Turner.*

For the respondent, *Warren Dixon.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment for the plaintiff entered upon the verdict of a jury at the Hudson Circuit in an action brought to recover damages for personal injuries sustained by the plaintiff in a fall down a stairway in an apartment-house known as No. 174 Academy street, Jersey City, and owned by the defendant.

We are of the opinion that there is no merit in the contention of the appellant that a nonsuit should have been granted or a verdict directed for the defendant on the ground that no negligence had been shown on the part of the defendant.

The defendant owned the building and rented out parts thereof to various tenants, reserving the halls and stairways for the common use of the tenants, and was therefore under an implied duty to use reasonable care to keep such places in a reasonably safe condition, and is liable for injuries to tenants and their guests for failure to perform that duty. *Buda* v. *Dzuretzko,* 87 *N. J. L.* 34; *Siggins* v. *McGill,* 72 *Id.* 263; *Kargman* v. *Carlo,* 85 *Id.* 632.

There was evidence from which the jury, if they saw fit, might legitimately find that the defendant failed to perform that duty.

The plaintiff, when hurt, was using the stairway in visiting her daughter, who was a tenant in the building. The evidence tended to show that she was thrown by tripping over a defective metal step binder which had been broken and left with a small upstanding part upon the step for a period of at least two weeks after the janitor, the agent in charge of the building for the defendant, had knowledge of such defective and dangerous condition. It was therefore open to the jury to find that the defendant had failed to use reasonable care to keep such stairway in a reasonably safe condition by neglecting to repair the defect within a reasonable time after knowledge thereof. *Buda* v. *Dzuretzko, supra; Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558.

It is argued that the defendant is not liable because she had not personally visited the premises by reason of invalidism, and had no actual knowledge of the defect. But, we think, that liability may be inferred. The evidence tended to show that the janitor was in charge of the premises as her agent, and had been for several years. And a landlord having the duty of keeping the stairway of a premises in repair, and who has placed a janitor in charge of such premises, cannot escape liability for neglect of that duty by showing that she had not personally visited the premises by reason of her invalidism, and had no actual knowledge of the defect, since if the janitor was negligent in not making such repairs as were reasonably required by the defective condition, of which such janitor had knowledge, the knowledge of the janitor is imputed to the landlord, and the negligence of the former is the negligence of the latter. *Sooy* v. *State*, 41 *N. J. L.* 394; *Belleville Stone Co.* v. *Mooney*, 60 *Id.* 323; *affirmed*, 61 *Id.* 253; *Koskoff* v. *Goldman*, 86 *Conn.* 415; 85 *Atl. Rep.* 588.

It is also contended that there is no evidence that the defendant had given the janitor or any other person any authority to care for the premises or keep them in repair. and that, therefore, the defendant is not liable.

We have pointed out that such contention is unfounded in fact. It is not well founded in law, because, where a landlord has the duty of keeping the stairway of premises in repair, she cannot escape liability by showing that she left the premises without a caretaker and made no provision for repairs, where, as here, the evidence tends to show that the defective and dangerous condition causing the injury had existed for such a space of time before the accident as would have afforded a sufficient opportunity to make proper inspection of the stairway and to repair its defects.

Nor do we think that the plaintiff should have been nonsuited or a verdict directed for the defendant upon the ground of contributory negligence, as maintained by the defendant.

As we understand the argument, it has for its only foundation the fact that the plaintiff, an elderly woman, in descending the stairway, "did not hold on to the banister rail." But, we think, where, as here, an elderly woman is injured by reason of a defect in the tread of a stairway which she was descending, the question whether or not she was guilty of contributory negligence in not holding on to the banister rail is for the jury and not for the court. *Kargman* v. *Carlo, supra.*

We believe the foregoing observations in effect dispose of every question raised and argued and requiring consideration.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, CLARK, KAYS, JJ. 11.

*For reversal*—None.