ALICE PORTLEY AND ROBERT PORTLEY, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted May 12, 1933—Decided September 16, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant-appellant, *Collins & Corbin.*

For the plaintiffs-respondents, *Michael A. Szadkowski* (*Hiram Elfenbein,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.  This appeal brings up for review a jury verdict of $250 ($200 for the wife and $50 for the husband) rendered in favor of the plaintiffs-respondents, hereinafter called plaintiffs, and against the defendant-appellant, hereinafter called the defendant.

It appears that on September 13th, 1932, plaintiff, a passenger, was on the premises of the defendant, at its Grove street station, Jersey City.  As she left the ladies' room she fell, and when, as she testified, she came to herself, a broom,

a very large broom, was under her foot where she had fallen. She fell against a refuse can and sustained the alleged injuries. There was proof which tended to show that a porter of the defendant left this broom at the place of the accident while plaintiff was in the waiting room. While there is some conflict as to the size of the broom there is no denial that a broom was left there by the porter. The plaintiff testified that on entering the ladies' room she did not see a broom or notice any can. When she came out of the room she just walked straight. "I looked ahead of me and did not look for any trouble." This, it is argued, constituted contributory negligence that should have barred recovery on her part. We do not think so. She entered the ladies' room fifteen minutes before and saw no obstructions. The floor of the room where the accident occurred was on the level with the floor of the ladies' room. She could hardly be expected to anticipate that an obstruction would be placed at or near the exit of the room, so that it would endanger her safety. *Finnegan* v. *Goerke Co.,* 9 *N. J. Mis. R.* 1082; 157 *Atl. Rep.* 155.

Factual questions of negligence and contributory negligence were thus presented. It was for the jury to determine these facts. Motions for nonsuit and directed verdicts were made by the defendant and denied. We think this was proper.

This court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the findings may be based. *Williams* v. *Connolly Contracting Co.,* 74 *N. J. L.* 105; *Pratt* v. *Union National Bank,* 81 *Id.* 588; *Tapscott* v. *McVey,* 83 *Id.* 747; *Sheehan* v. *Menkes,* 8 *N. J. Mis. R.* 867; *Corin* v. *Kresge Co.,* 10 *Id.* 489.

Exception is taken to the following portion of the court's charge:

"The plaintiff alleges, among other things, that "the defendant was negligent in that it permitted and operated its railroad station in such a careless, reckless and negligent manner so that the same became unsafe for use by its passengers and invitees; allowing obstacles to accumulate in and about the thoroughfares or passageways used on the prem-

ises; permitting refuse cans to be in and about the thorough-fares and passageways of the said station; permitting its said passageways and thoroughfares to become hazardous for use, and more particularly in operating the said station in such a careless, reckless and negligent manner as to cause the plaintiff to slip, trip, fall and be injured."

This constituted the fourth paragraph of the plaintiff's complaint. It was the gist, the gravamen of her alleged cause of action against the defendant. Was there any legal objection to the judge reading it to the jury? No case or statute in our state is brought to our attention which so holds, nor have we been able to find any.

In 38 *Cyc.* 1608, the authors say:

"Pleadings, although read at the trial in the hearing of the jury, are addressed to the court. They are in technical language, understood by the court, but often unintelligible to the jury. And it is accordingly held by the great weight of authority that it is the duty of the court to state to the jury the issues made by the pleadings, and erroneous to read the pleadings to the jury or refer them to the pleadings to ascertain the issues in the case. A departure from this well settled practice it is said, is especially hurtful and to be condemned, where the pleadings are prolix and contain important and intricate statements of fact; and is reversible error where the pleadings are so involved as to make it doubtful wheher the jury could understand the issues raised thereby, or where the allegations are broader than the proofs, unless the issues are clearly stated in other portions of the instructions."

Neither the pleadings or the issues were of an involved character. Both were on the contrary rather simple. Nothing that the court read could, under the entire charge, have been misunderstood by the jury.

The same authors in 38 *Cyc.* 1828 say it is not error to submit or read the pleadings to the jury:

"* * * it is the duty of the court to state the issues made by the pleadings and not refer the jury to the pleadings to ascertain the issues. Nevertheless, unless forbidden by statutes, it is not error, or at least not reversible error, to

permit the jury to take with them into the jury room the pleadings in the case * * *."

The court clearly stated the issues presented by the pleadings and left the determination of those issues for the jury.

However contrary may be the practice or the view in other jurisdictions on this subject, it is common knowledge that in our state the trial judge at the end of each case hands over the pleadings and all exhibits to the jury. The pleadings and exhibits are with the jury during their deliberations. They unquestionably have the right to examine the pleadings as they have the right to examine the exhibits. If they may read the pleadings, as they undoubtedly frequently do themselves, we fail to see any valid objection to the judge's reading part of them to the jury under proper prefatory explanations and instructions.

Was there a proper prefatory explanation and instruction given by the court? The defendant, of course, contends that there was not. It says in substance that the jury could and no doubt did misunderstand their purport and effect and that the jury concluded that the facts in the pleadings were tantamount to evidence; that in the charge aforesaid the judge did not instruct the jury that he was merely reading allegations of the complaint; that because of the claim of negligence made in the pleadings that a reference thereto and reading thereof to the jury gave them (the jury) a right to consider the statements read, as though they were the gospel truth, in arriving at their verdict. This is not so. The trial judge prefaced the reading of the alleged objectionable paragraph by saying: *"The plaintiff alleges among other things."*

After reading to the jury the aforesaid paragraph he also instructed them as follows:

"Gentlemen, you will take this case and judge the truth from the evidence, and from the facts developed and solely by the evidence. Where does the truth lie? Did this employe and did this company, as a result of its employe's acts and negligence, create this condition, thereby causing this lady to fall and sustain the injuries she alleges she sustained?

If you are satisfied that such was not the condition, then return a verdict in favor of the defendant for no cause of action."

It is obvious that the court properly limited the jury in their findings to the evidence solely. It is settled law that no judgment shall be reversed or new trial granted on the ground of misdirection, or the improper admission or exclusion of evidence, &c., unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party. Section 27 (Practice act of 1912), *Pamph. L.* 1912, *p.* 377; *Wheaton* v. *Collins,* 90 *N. J. L.* 29; *affirmed,* 91 *Id.* 236; *Dietz* v. *Glasgow,* 110 *Id.* 490, 492.

Our examination of the entire charge fails to disclose that any substantial rights of the defendant were so injuriously affected. There was testimony to justify the finding of the jury.

The judgment will be affirmed.