THEODORE F. SIDWAY, PLAINTIFF-RESPONDENT, v. GREATER ATLANTIC FINANCE AND MORTGAGE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1933—Decided December 28, 1933.

84

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff-respondent, *William I. Garrison* (*Samuel Backer*, of counsel).

For the defendant-appellant, *Philip Monheit* (*Gorson & Gorson*, of counsel).

PER CURIAM.

The instant case is an appeal from a judgment recorded by the plaintiff against the defendant in the Common Pleas Court of Atlantic county. The plaintiff was a tenant in an apartment house and sustained injuries on the roof thereof where he had gone to remove some clothes from a clothes line, the boardwalk under foot having given away so that he suffered personal injury.

The defendant appeals on the ground that the trial court should have granted its motion for nonsuit; should have directed a verdict on the ground the plaintiff was guilty of contributory negligence, and, further, that there was no proof of negligence on the part of the defendant.

The first and second grounds urged have no merit because a landlord is answerable in damages to a tenant in an apartment house, who receives injuries on account of a defective condition in the premises where the landlord has actual knowledge of that condition or is chargeable with knowledge by a timely notice to his agent, as here, and fails within a reasonable time to remedy such defect. *Perry* v. *Levy*, 87 *N. J. L.* 670; 94 *Atl. Rep.* 569; *Gillvon* v. *Reilly*, 50 *N. J. L.* 26;

11 *Atl. Rep.* 481; *Siggins* v. *McGill*, 72 *N. J. L.* 263; 62 *Atl. Rep.* 411; *McCracken* v. *Meyers*, 75 *N. J. L.* 935; 68 *Atl. Rep.* 805; *Ionin* v. *E. D. & M. Corp.*, 107 *N. J. L.* 145; 151 *Atl. Rep.* 640.

Under the proofs in this case, the jury was justified in concluding that the wooden boards were defective; that the landlord had notice and that he failed to make repairs within a reasonable time after such notice. These facts, if true, and apparently the jury believed them, were sufficient to convict the defendant of the negligence charged.

The appellant further contends that the plaintiff below was guilty of contributory negligence as a matter of law and relies on *Barthelmess* v. *Bergamo*, 103 *N. J. L.* 397; 135 *Atl. Rep.* 394, and *Vorrath* v. *Burke*, 63 *N. J. L.* 188; 42 *Atl. Rep.* 838. These cases are not applicable. It is true that the general rule is that where a tenant has knowledge of the defective condition of the premises and continues thereafter to occupy them, he may be considered as having assumed the risk and be held guilty of contributory negligence. 36 *C. J.* 223. But our view is that this rule does not apply where the landlord has or is chargeable with knowledge of the defective condition and promises, as here, through his agent, to remedy the situation, for to determine, under these conditions, that a tenant would be guilty of contributory negligence as a matter of law if he used such part of the demised premises, would be to pre-empt him from use of part of the premises or its appurtenances. *Bailey* v. *Fortugno*, 8 *N. J. Mis. R.* 739; 151 *Atl. Rep.* 484; *Bland* v. *Gross*, 110 *N. J. L.* 26; 163 *Atl. Rep.* 891. Therefore the question of the lack of negligence on the part of the landlord and contributory negligence on the part of the palintiff below, were questions of fact for the jury and the motion for nonsuit and for directed verdict were properly rejected by the trial court.

The next ground of appeal is that the court erred in permitting witnesses to answer questions as to the condition of the walk on the roof, the objection being that the testimony was too remote. One witness was permitted to testify as to the condition of this part of the premises as continuing from November, 1928, to February, 1932, the accident in question

having happened on May 4th, 1932. Three other witnesses were permitted to testify along the same lines. It is urged that the allowance of this testimony constituted legal error. This testimony would constitute legal error if it appeared that the trial court had received testimony of a condition long prior to the accident without bringing that condition, unabated, down to the time of the plaintiff's injury, but here the defective condition, unremedied, was brought down to the time of the accident. There was no gap in the testimony as to the continuance of the condition complained of. There was testimony that justified the conclusion that the walk was rotted at the time of the accident and that it had been in that condition for several years prior to the accident, during all of which time no repairs were made. This testimony, therefore, instead of being error, made out a strong case in favor of the continuous neglect of the defendant.

It is next urged that it was error to have received photographs showing the condition of the premises, two weeks after the happening, and without producing the photographer as a witness. The appellant is not entitled to be heard on these points since proper objection was not made at the time these pictures were received as exhibits in the case. However, we might observe that under our cases it is not necessary to produce the photographer who actually took the picture. Our rules are satisfied if a witness is produced who testifies, as here, that the photograph is a true representation of the condition in question.

We find no merit in the appeal and the judgment will be affirmed, with costs.