## PORTER v HOLMES

Ohio Common Pleas, Hamilton Co

Decided Dec 26, 1934

Theodore M. Berry, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and Leon Strikman, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

This case comes into this court on error to the Municipal Court of Cincinnati. The evidence shows that the defendant in error (plaintiff below) was injured by the giving way or yielding of a board in the floor in a common passage-way upon which he stepped while delivering groceries, etc. to a person occupying one of the apartments. The plaintiff in error was the owner of the premises and in possession and control of the common passage-way. There is evidence of several witnesses describing the plank that was displaced by the plaintiff stepping on it, and, also describing the supports and the way the plank rested upon them. The plank itself was introduced in evidence but is not attached to the bill of exceptions. The evidence shows that the plank was split or cracked and that the end was supported only by the board of an old floor over which it had been laid. There was undoubtedly a defect in this floor. Whether the way the plank was laid originally conformed to the standard of reasonable care was a question to be determined by the trier of the facts. Whether permitting a floor to become so weak as to give under the weight of a human being, either by the decay natural to age, even though accelerated by the gnawing of mice or rats, without doing anything to strengthen the floor, is an exercise of reasonable care, was likewise a conclusion to be drawn or rejected by the trial court in the light of all the evidence. The floor was in the exclusive control of the defendant. The floor was placed there to be walked on. The giving was an event ▉▉▉▉▉▉▉▉ which was not intended and would not have occurred in the usual course of events, had due care

been used to inspect and repair. There is evidence of negligence in my opinion. 16 R.C.L., p. 1073.

Next it is urged that the defendant owed no duty of reasonable care toward the plaintiff, for the reason that he was on his way to deliver groceries to a tenant at sufferance to whom the defendant owed no such duty. Is that a correct statement of the relation of the landlord to a tenant at sufferance? In 36 C. J., p. 227, it is said:

"The fact that at the time of the injury complained of the tenant was in possession of the premises after the time set by a notice to vacate for nonpayment of rent does not preclude him from recovery."

Although at sufferance, the occupant was a tenant. He had possession good even against the landlord except ▉▉▉▉▉▉ when acting under legal process. The landlord could not forcibly eject the tenant at sufferance. If by his wrongful act in holding over the right of recovery by the tenant for defective condition of the premises became more limited, it was not because the duty of the landlord was less, but because the tenant was in no position to insist upon the performance of the duty. As to the common passage-way, manifestly the landlord still owed the duty of reasonable care to keep it in reasonably safe condition. The question is: To whom does he owe that duty? It is frequently said that the guest or invitee has the same right as the tenant whose guest or invitee he is.

In Loucks v Dolan, 211 N. Y., 237, the court at 241 says:

"There was no contract relation between the plaintiff and the tenant or between her and the landlord. The latter's duty was not a contract duty, but arose from the fact that she retained possession of and maintained a part of the premises for the use in common of her tenants and other persons rightfully there. Her obligation was to maintain in a reasonably safe condition the part of which she retained control, and she owed that obligation to whoever lawfully used that part for the purpose for which it was maintained."

And in Bailey v Kelly (86 Kan. 911), 39 L.R.A. (N.S.) 379, the court after reviewing the authorities to demonstrate that the right of a guest or invitee of a tenant is not limited by the right of the latter in any event, states that it refrains from cit-

ing common passage-way cases, for the reason that clearly in such cases there is no such limitation and says at pages 383 and 384 of the L.R.A. report of the case that:

"We have purposely omitted citations to cases where the landlord retained control over the premises or some portion of them, such as cases involving tenement buildings and rooming houses, and cases of injuries caused by unguarded elevator shafts, where the landlord controlled the operation of the elevator. In such cases the owner's liability arises from the neglect of a duty which he manifestly owes to all persons lawfully upon the premises."

Indeed the right of the guest or invitee of the tenant is not derivative. It is his own right that he asserts—not the tenant's. In Gibson v Hoppman, (108 Conn. 401) 75 A.L.R., 148, the court says at page 153:

. "Such passage-ways are not regarded as ways appurtenant to the tenements in the building, with the obligation upon the owner of those tenements to take such steps as are necessary to permit their safe use; but 'the landlord is under the responsibility of a general owner of real estate who holds out an invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passage-ways and stairways reasonably fit and safe for the uses which he has invited others to make of them.' Siggins v McGill, 72 N. J. Law, 263, 62 A. 411, 3 L.R.A. (N.S.) 316, 111 Am. St. Rep. 666; Whitcomb v Mason, 102 Md. 275, 283, 62 A. 749, 4 L.R.A. (N.S.) 565; 2 Underhill, Landlord and Tenant, §487; 16 R.C.L. p. 1038. * * *"

As we have said persons coming upon the premises to visit a tenant, as did the plaintiff, enter into a direct relationship to the landlord, and there is not, as to them, the same basis for holding that they have assumed the risk of structural defects as in the case of tenants; indeed, it may well be that they have never been upon the premises before the occasion of suffering and injury. Whatever the situation as to tenants, to one upon the premises, as was the plaintiff, the landlord owes the same duty as would any other landowner to one whom he has invited to come there; that is the duty of exercising reasonable care to have the common passage-ways reasonably safe."

In Stephens v Grad, 31 Oh St, 158, the court found there was no allegation or

proof of negligence on the part of the landlord. A recovery was sought based on an allegation of a faulty plan of construction. The basis of the recovery in the case at bar is negligence in failing to inspect and repair. It is the breach of his duty as declared in **Davies v Kelley, 112 Oh St, 122,** the syllabus of which is:

"1. If the owner of a house leases a portion of it, to which access is had by way of halls, stairways or other approaches, to be used by such tenant in common with the owner or tenants of the other portions of the premises and retains the possession and control of such halls, stairways or other approaches, it is his duty to exercise ordinary care to keep the same in a reasonably safe condition.

"2. Where a porch and stairway leading thereto are provided, maintained, and controlled by a landlord for the use of several tenants of his building, and are thus used, he is, in general, liable for any injuries arising from his neglect to keep the same in proper repair; such duty and liability extend not only to the tenant himself, but also to members of his family, employees, guests, and invitees."

There seems to me no doubt about the landlord's duty. Now, was the plaintiff rightfully in the passage-way? The record shows that he was an employee of the "Public Welfare Department" of the city of Cincinnati, and at the time was delivering "associated charities groceries." Manifestly he was engaged in the discharge of the governmental function of supplying the necessaries of life to an occupant of the defendant's premises, who had been found unable to provide for himself. Was he a mere licensee or even a trespasser to whom the defendant owed no active duty? Certainly as to the tenant he had at least an implied invitation. The landlord as a member of the public had assumed the function of providing necessaries to those unable to provide for themselves. In a sense the plaintiff was an agent of the defendant in delivering these groceries. The plaintiff was rightfullly there by invitation. It seems to me that it must be said that the defendant owed the duty of reasonable care toward the plaintiff.

For these reasons the judgment is affirmed.