VALERIE TAYLOR, AN INFANT, BY HER NEXT FRIEND, GUSTAVE TAYLOR, AND GUSTAVE TAYLOR, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. MAJESTIC BUILDING AND LOAN ASSOCIATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January term, 1936—Decided August 6, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Schneider & Schneider.*

For the appellees, *Jacob M. Goldberg* (*Morris Barr,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is defendant's appeal from judgments entered by the trial judge, sitting without a jury, in favor of the infant plaintiff for $100 and in favor of the father for $41 and costs.

The defendant owned a four-story sixteen-tenant apartment house building in Newark, New Jersey. The basement apartment was leased by a Mrs. Bowman, with whom the infant plaintiff was temporarily domiciled. In order to obtain access to this apartment it was necessary to descend a stairway leading from the sidewalk. While descending this stairway the infant plaintiff fell, sustaining the injuries for which she now seeks to recover. There was evidence that the step on which the plaintiff fell was loose and rotten and had been

in such condition for five or six months prior to the accident; and that the defendant admitted making repairs thereto after the accident. At this posture of the proofs a motion for a nonsuit was made; it was denied. The defendant resists these rulings on the ground that this was no common stairway, and that there was no agreement on the part of the landlord to repair. The plaintiffs admit the non-existence of any landlord's agreement to repair. They rest their right of action on the theory that the defendant maintained control of the stairway, which was the only means of ingress and egress to and from the apartment.

In the absence of any promise on the part of the landlord to repair, defendant's liability must rest solely on the fact that it retained control and possession of the stairway in question. The court so found. We are then met with the question as to whether there is any legal evidence to support such a finding. If so, the judgment must be sustained. For, as stated in *Portley* v. *Hudson and Manhattan Railroad Co.,* 111 *N. J. L.* 204; 168 *Atl. Rep.* 184; *affirmed,* 113 *N. J. L.* 13; 172 *Atl. Rep.* 384, "this court will not review the findings of the District Court on questions of fact beyond inquiring whether there was any legal evidence on which the findings may be based." See, also, *Doolittle* v. *Mark* (*Court of Errors and Appeals*), 88 *N. J. L.* 515; 94 *Atl. Rep.* 569. Evidence was adduced to show that repairs to this stairway were made subsequent to the accident. This, though not evidence of negligence, since it may be but the action of a prudent man in taking steps to prevent the recurrence of an event he had no reason to foresee in the first instance, *does tend to show* that control and possession of the premises remained in the landlord. *Perry* v. *Levy,* 87 *N. J. L.* 670; 94 *Atl. Rep.* 569. It does, moreover, tend to show that the stairway was not a part of the leased premises for apparently the landlord was not deprived of its right of entry to make the repairs. Its right of entry and control over the damaged premises rendered it liable for injuries caused by the defect. *Siggins* v. *McGill,* 72 *N. J. L.* 263, 264, *et seq.;* 62 *Atl. Rep.* 411; *Gillvon* v. *Reilly,* 50 *N. J. L.* 26; 11 *Atl. Rep.* 481.

It is, of course, the well established law of this state as set forth in *Bolitho* v. *Mintz,* 106 *N. J. L.* 449, 451, 452; 148 *Atl. Rep.* 737, that as a general rule, "the landlord is not liable for injuries sustained by a tenant or his family, or guests, by reason of the ruinous condition of the premises demised, there being upon the letting of a house or lands no implied contract or condition that the premises are or shall be fit and suitable for the use of the tenants. *Siggins* v. *McGill,* 72 *N. J. L.* 263; 62 *Atl. Rep.* 411; *Reilly* v. *Feldman,* 103 *N. J. L.* 517; 138 *Atl. Rep.* 307. But, there are clear and well defined exceptions to this rule, as where the landlord retains to himself control of the halls and stairways for the common use of the occupants and those having lawful occasion to be there. *Gillvon* v. *Reilly,* 50 *N. J. L.* 26; 11 *Atl. Rep.* 481; *Gleason* v. *Boehm,* 58 *N. J. L.* 475; 34 *Atl. Rep.* 886; under such circumstances, the landlord is bound to take reasonable care to have such places reasonably fit for use in, or where the landlord agrees or assumes a legal obligation to repair. *LaBrasca* v. *Hinchman,* 81 *N. J. L.* 367; 79 *Atl. Rep.* 885; *Hahner* v. *Bender,* 101 *N. J. L.* 102; 127 *Atl. Rep.* 202; *Perry* v. *Levy,* 87 *N. J. L.* 670; 94 *Atl. Rep.* 569." See, also, *Clyne* v. *Holmes,* 61 *N. J. L.* 358; 39 *Atl. Rep.* 767, and *Folley* v. *United Building and Loan Association of Hackensack (Supreme Court),* 117 *N. J. L.* 54.

Thus liability, in the case at bar, is not sought to be fastened upon the landlord because of an implied contract of fitness of the leased premises, or upon an agreement to repair, but rather is it based upon the theory that the landlord retained control of the stairway in question. This theory of liability finds perfect expression in section 360 of the Restatement of the Law of Torts:

"A possessor of land, who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the .

lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

The proofs were plenary to support the result reached.

Judgment is affirmed, with costs.