CATHERINE ROTH, PLAINTIFF-APPELLEE, v. SARAH
PROTOS, DEFENDANT-APPELLANT.

Submitted May 18, 1938—Decided July 23, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Bernard Mindes.*

For the appellee, *David H. Harris* (*David E. Bernstein,*
of counsel).

The opinion of the court was delivered by

PERSKIE, J. Defendant appeals from a judgment in favor of the plaintiff entered upon a verdict by the judge of the District Court of the Second Judicial District of the county of Essex, sitting without a jury, in the amount of $204.05 and costs.

The state of case for appeal discloses that plaintiff came to the defendant's tenement house about eight-thirty P. M., on December 5th, 1936, to visit a friend who was one of defendant's tenants. Plaintiff was injured by falling upon a common stairway in that house. Negligence was predicated upon the allegation that "the defendant negligently and carelessly maintained said hallway in a darkened and unlighted condition and failed and wholly omitted and did not provide and maintain sufficient proper lights in said hallway." The evidence adduced, generally stated, was to the effect that the stairway was without curves, and that there was a light upon the newel post thereof. Plaintiff saw that light and started to mount the stairs to the second landing. When half way up the stairs, she noticed that the hallway on the second floor was dark due to the fact that the light on the second floor landing was not lit. Plaintiff then turned about to descend the stairs and while so doing, she fell and sustained the injuries for which recovery is sought.

At the close of plaintiff's case, a motion for a nonsuit was made and denied; and at the close of defendant's case, which consisted of testimony denying that the light on the second floor was not burning, or that it failed sufficiently to light the stairway, a motion for judgment in favor of the defendant was likewise denied. The court found for the plaintiff, and later discharged a rule to show cause why a new trial should not be granted.

We are told that the appellee moved before Mr. Justice Parker to dismiss the appeal upon the ground that the notice of appeal and bond were not filed within twenty days after the entry of final judgment pursuant to *Rev. Stat.* 2:32-206, 207. It was argued that there was no provision in the rule extending the time for the filing of a notice of appeal and the

bond. We are further told that Mr. Justice Parker declined to entertain the motion and suggested that the point be argued before us. Appellee has followed this suggestion. We think that the provision in the rule to show cause that "all proceedings in said cause and on the execution issued on the judgment be and the same are hereby stayed," although not strictly in accordance with the wording of the statute, was sufficiently broad enough to have permitted appellant to withhold the filing of the notice of appeal and the bond until the disposition of the rule to show cause. But we do not choose to rest our decision upon this ground. Rather have we decided to dispose of this cause upon the merits.

Defendant argues that there was no proof of negligence; that the plaintiff was guilty of contributory negligence; and that she assumed the risk. Since these are the only points raised and argued, they will be the only ones considered. *Marten* v. *Brown*, 81 *N. J. L.* 599; 80 *Atl. Rep.* 476; *Bahrey* v. *Poniatishin*, 95 *N. J. L.* 128; 112 *Atl. Rep.* 481; *Eggert* v. *Mutual Grocery Co.*, 111 *N. J. L.* 502, 503; 168 *Atl. Rep.* 312; *Herdman Motor Co.* v. *State Board of Tax Appeals*, 119 *N. J. L.* 164; 194 *Atl. Rep.* 870.

Defendant had control and possession of the stairway in question. Entirely apart from any contractual obligation, this fact imposed upon her the duty of exercising reasonable care to maintain the stairway reasonably fit for use by occupants of the premises and by others having lawful occasion to be present. *Gillvon* v. *Reilly*, 50 *N. J. L.* 26; 11 *Atl. Rep.* 481; *Gleason* v. *Boehm*, 58 *N. J. L.* 475; 34 *Atl. Rep.* 886; *La Brasca* v. *Hinchman*, 81 *N. J. L.* 367; 79 *Atl. Rep.* 885; *Perry* v. *Levy*, 87 *N. J. L.* 670; 94 *Atl. Rep.* 569; *Hahner* v. *Bender*, 101 *N. J. L.* 102; 127 *Atl. Rep.* 202; *Taylor* v. *Majestic Building and Loan Association*, 14 *N. J. Mis. R.* 699; 186 *Atl. Rep.* 594; *Restatement, Torts*, § 360. A proper performance of that duty required that the stairway be properly lighted. There was evidence before the court below that, in this respect, defendant did not meet that requirement. We are not here concerned with the weight of the evidence. *Portley* v. *Hudson and Manhattan Railroad Co.*,

111 *N. J. L.* 204; 168 *Atl. Rep.* 184; *affirmed,* 113 *N. J. L.* 13; 172 *Atl. Rep.* 384.   Suffice it to observe that the contradictory proofs as to whether the stairway was properly lighted created an issue of fact, and provide ample support for the result that was reached.

The determination of whether plaintiff was guilty of contributory negligence and whether she assumed the risk were also properly submitted and determined as factual questions.

Accordingly, the judgment is affirmed, with costs.