IZOLAR BAILEY, RESPONDENT, v. PAUL FORTUGNO, APPELLANT.

Decided September 16, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Raskin & Hornstein.*

For the respondent, *Jacob J. Singer* and *Frank Introcaso.*

PER CURIAM.

The plaintiff brought suit to recover compensation for injuries resulting to her from a fall down the stairway of a tenement house owned by the defendant and in which she was a tenant residing on the second floor of the building. The proofs showed that at about five o'clock in the morning of September 16th, 1927, she had a call to the toilet, which was downstairs. During the earlier part of the night she had had a previous call of nature and used a large slop pail instead of going to the toilet. When she later undertook to go to the toilet there were no lights on in the hall to enable her to see where she was going. She carried with her the slop pail that she had used in the night, and also

some matches for the purpose of trying to light the stairway, as she knew that one of the stairs was defective. She struck a match, but it went out before she came to the defective stair. When she got there she tripped and fell, receiving the injuries for which she sued. The jury rendered a verdict in her favor, and the defendant has appealed from the judgment entered thereon.

The first ground upon which we are asked to reverse this judgment is that there was no actionable negligence shown on the part of the defendant because there was no proof of his knowledge of the existence of the defective condition of the step, and that therefore the motion to direct a verdict in his favor should have been granted. The accident happened, as has been stated, on the 16th of September. The defect in the stairway had existed at least since the latter part of the preceding August. It was for the jury to say whether that period was not sufficiently long to charge the defendant with notice, even though his attention had not been called to the defective condition of the stair, which plaintiff testified she had observed in the preceding August. This is the doctrine of *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558.

Next it is contended that it conclusively appeared that there was an assumption of risk on the part of the plaintiff, and that for this reason also there should have been a verdict directed in favor of the defendant. We consider this contention to be without merit. To hold that a landlord can leave a stairway in such a defective condition as to be dangerous to parties lawfully using it as tenants, for the purpose of going to and from the toilet, and escape liability for injuries resulting from such neglect, so far as tenants who have knowledge of his default are concerned, would practically be to prohibit such tenants from using the toilet during the night hours when the hallway and stairs were unlighted.

It is further urged as a ground of reversal that the verdict is against the weight of the evidence. It is enough to say, in disposing of this contention, that this is a matter which cannot be considered on appeal.

Lastly, it is argued that the court erred in permitting

leading questions to be asked over objection and refused to strike out the questions and answers so objected to. The mere fact that a court permits a leading question to be asked does not constitute legal error. The matter is one committed to the discretion of the court; and unless that discretion is abused, the action of the court in permitting it is proper. We find no such abuse in the present case.

These are the only matters argued, and we conclude, for the reasons stated, that the judgment under review should be affirmed.